15  629
98  163

## THE JUNEAU BANK VS. McSPEDON.

A deposition taken at the instance of a party to an action, and not used by him, may be read in evidence by the opposite party, against the objection of the party at whose instance it was taken.

June Term,
1862.

JUNEAU BANK
v.
McSPEDON.

If the deponent should unexpectedly *state facts against the party calling him*, such party may be allowed, by questions in the nature of a cross-examination, to call out whatever he may be able, in explanation or avoidance of such facts. Sec. 15, chap. 137, R. S., is designed to enable the *whole* testimony of a witness examined under it, to be secured for the benefit of *both* parties, in one deposition; and either party may examine the witness fully, both to prove facts in his own favor and in explanation of facts stated in favor of the opposite party; and both have the same right of cross-examination at the taking, except perhaps that the party calling the witness cannot cross-examine him with a direct view of impeaching his credibility.

APPEAL from the County Court for *Milwaukee* County.

This was an action for the recovery of money paid by the plaintiff to the use of the defendant, at his request. Answer, a general denial. At the trial, after the plaintiff had produced evidence to sustain the issue on its part, and rested, and considerable evidence had been given on the part of the defendant, the latter offered to read in evidence the deposition of Sophia Bartlett, taken in this action, by stipulation, before a justice of the peace in this state; to which offer the plaintiff objected. The court ruled that the defendant might read the cross-examination of said witness contained in the deposition, but not the examination in chief. Verdict and judgment for the plaintiff, and motion for a new trial denied; from which decision the defendant appealed.

*James Mitchell*, for appellant, argued that the court erred in not admitting the whole of the deposition of Sophia Bartlett to be read to the jury, and claimed that where the party at whose instance a deposition is taken, waives the reading of it, the other party is entitled to have the whole deposition read. *Gilchrist vs. Williams*, 3 A. K. Marsh., 235; *Gordon vs. Little*, 8 Serg. & R., 549; 1 Brev., 162; 5 Cranch, 335; 4 Bibb, 480; 10 Mo., 109; 7 How. (U. S.), 693.

*Jenkins & Hickcox*, for respondents:

A deposition taken by a party is under his exclusive control, until he actually puts it in evidence. 5 Sim., 391; 1 Smith's Ch. Prac., 341; 5 Sim., 194; 5 B. Mon., 438; 14 Maine, 153; 32 N. H., 32; 13 Texas, 31; 16 id., 340; *Gordon vs. Little*, 8 Serg. & R., 555. Otherwise the party taking the deposition and against whom it is read, loses the benefit of a cross-examination of the witness. The

power to take testimony by deposition or commission is <span>June Term, 1862.</span> founded upon statute, is an innovation upon the common law, and should be strictly exercised. *Jackson vs. Hobby*, 20 <span>JUNEAU BANK v. McSPEDON.</span> Johns., 357; 21 Wend., 156; 3 Denio, 220; 7 Barb., 271; 1 Comst., 386; 1 Abbott, 87; 4 id., 513.

*By the Court*, PAINE, J. We think the defendant should November 26. have been allowed to use the deposition of Mrs. Bartlett on the trial. There is nothing on the face of the papers showing that it was taken on the part of the plaintiff. But even if there was, our conclusion would be the same. It is true the plaintiff had not offered to use it; and there are cases which have held that a party could not use a deposition taken on the part of the other, unless it was first used by the party taking it. But the opposite rule seems to us to be sustained by the weight of authority and argument. The only objection urged against it is, that if either party is allowed first to use a deposition taken by the other, the party taking it is deprived of the right of cross-examination. But the general presumption is, that the testimony of a witness will be in favor of the party calling him, and therefore the right of cross-examination ordinarily belongs to the opposite party. But if a witness should unexpectedly state facts against the party calling him, it would undoubtedly be within the discretion of the court to allow him, by questions in the nature of a cross-examination, to call out whatever he might be able in explanation or avoidance of such facts, just as a party is allowed to put leading questions to his own witness, where the latter appears evidently hostile to the party calling him. At all events, it would seem much more convenient that this practice should prevail in respect to depositions, than that a party who has called out from a witness, in a deposition taken by the other, all the facts material for him to prove, should be obliged to retake the deposition on his own behalf, or be prohibited from using the evidence in case his adversary was able to dispense with it. And this rule being established, the objection for want of cross-examination would fail. For either party would then be allowed to examine the witness fully, both to prove facts in his own

favor, and in explanation of facts stated in favor of the opposite party. And the statute evidently contemplates this. It provides that the party producing the deponent may first "examine him on all points which he shall deem material, and then the adverse party may examine the deponent *in like manner*, after which *either party* may propose such further interrogatories as the case may require." Chap. 137, sec. 15, R. S. This was clearly designed to enable the whole testimony of a witness to be secured for the benefit of both parties in one deposition, and must be construed as giving both the corresponding rights of examination and cross-examination at the taking. Though perhaps it ought not to be held to allow the party producing the witness to cross-examine with a direct view of impeaching his credibility. There are obvious considerations against this which would not apply to cross-examination for any other purpose.

The whole deposition should therefore have been admitted. For it is impracticable and inconvenient to divide a deposition, so as to admit that which was given only in answer to one party. The answers on cross-examination are frequently intelligible only in connection with the examination in chief. And it seems useless to require either party to have repeated in answer to his own questions, what the witness has clearly stated in answer to the other, as a condition precedent to his right to use it.

As this makes the reversal of the judgment necessary, we shall not express any opinion upon the other questions argued, as a re-trial may present the case in a different aspect.

The judgment is reversed, with costs, and a new trial ordered.