Drake, Ch. J.,
dissenting :
I dissent from the opinion just read, upon grounds which I will now state.
The defendants, wishing to obtain the deposition of C. L. White, who verified the petition, representing himself to be auditor of the claimant, ask the court for an order, under section 3080 of the Eevised Stautes, for him to appear before a commissioner of the court for examination on oath touching all matters pertaining to the claim sued on.
It is not averred that there is any legal obstacle to examining him in the ordinary way prescribed by the rules of the court for the taking depositions. For aught that appears, he has the character of an ordinary witness, with no interest in this suit, and standing in no relation to either of the parties legally disqualifying him as a witness for or against either.
Such being the case, were the defendants to take his deposition in the ordinary way and file, it in the cause, it would, at *12 the trial, be tlie right of the claimant to read it, though the defendants did not, subject, of course, to objections to the competency and relevancy of the evidence contained in it. (Yeaton v. Fry, 5 Cran. 335; Gordon v. Little, 8 S. & R., 533; Walton v. Bostick, 1 Brev., 162; Brandon v. Mullenix, 11 Heisk., 446; Adams v. Russell, 85 Ill., 284; Juneau Bank v. McSpedon, 15 Wis., 629; Greene v. Chickering, 10 Mo., 109.)
It is the avowed intention of this motion to deprive the claimant of the full benefit of that right, by taking the deposition under section 1080, as if White were the claimant, and then at the trial denying its use to the claimaut, unless'the defendants should have first used it; or, in other words, to leave it entirely within the discretion of the defendants’ con use! to say whether it shall be used or not.
If there is any statute giving the government, in cases in this court, so great an advantage as this over claimants, I would obey it; but, in tlie absence of any such statute, I can see no warrant for such-a jiroceeding.
It needs only a cursory reading of section 1080 to see that it authorizes no special order by the court to examine any other person than a claimant. And this court so held in ilfaeauley’s Case (11 C. Cls. R., 575), where it was attempted to apply this provision to an assignor of the claim sued on. There the court said:
“The examination given by section 1030 cannot be extended to any other person than the claimant. He alone is to be held responsible for his own non-attendance ás a witness, and it is only for his refusal to testify that the court can enjoin the case from proceeding to trial.”
This ruling would seem to dispose of this motion; but the defendants urge that inasmuch as the claimant is a corporation, and cannot possibly “appear” before a commissioner and be “ examined on oath,” the government has the right to require its representative so to appear and bo examined; in default whereof the court may be invoked to enjoin the case from proceeding to trial.
To this there are two sufficient answers: 1. That the statute makes no mention of a representative of the claimant; and, 2. That it does not apply to a corporation claimant.
When a statute requires an act to be done which it is impossible for any but a human being to do, it is conclusive evidence that the legislature did not intend the statute to apply to a cor *13 poration. No argument ab inconvenienti can1 justify a court, in snob case, in extending tbe scope of tbe statute.
But, in fact, no inconvenience to tbe defendents can result from denying tbis motion. They can take White’s deposition in tbe ordinary way, as fully and effectually, to every intent, as if be were ordered to appear and be examined under section 1080.
Chancery practice does undoubtedly permit a bill of discovery to be filed against a corporation; but tbis can be done only by making its officers co-defendants in tbe bill. But tbis is no court of chancery, with capacity to adapt its proceedings to exigencies, but a court of law governed by statutes, and having-no powers except those conferred by express law.
When, therefore, it is attempted to remove an officer of a corporation claimant from tbe category of an ordinary witness, and place him in tbe position of a party to tbe suit, so that bis failure or refusal to testify may be used to stop tbe progress of a cause, and draw down on tbe corporation tbe penalties authorized by section 1080 to be inflicted on a derelict or contumacious claimant, it subjects tbe corporation, in its rights as a litigant here, to tbe caprice or dishonesty of its officers in failing or refusing to be examined, when the corporation is as powerless to compel them to an examination as it is to undergo examination itself, and brings upon tbe corporation, which has no capacity to act, tbe penalties which were designed to be visited only on those who have tbe ability to comply with tbe requirements of tbe law, and fail or refuse to comply therewith. In my opinion, tbis is simply judicial legislation.
Though this opinion refers especially to tbe Pacific Eailroad Case, its views apply equally to tbe motion in tbe other case.
Hunt, J., concurred in tbe dissenting opinion read by the Chief Justice.