SMITH, Plaintiff in error, vs. THE STATE, Defendant in error.

*February 25—March 14, 1911.*

*Criminal law: Appeal and error: Review: Verdict: Exceptions: Depositions on behalf of accused: Use by state: Waiver of constitutional rights: Nonprejudicial errors: Evidence: Relevancy.*

1. The rule that the finding of a jury must be regarded as a veritv on appeal if in any reasonable view of the evidence such a conclusion could have been arrived at, applies to verdicts in criminal cases.

2. Where objection to use by the state of a deposition taken on behalf of the accused was not insisted upon at the trial, and no exception was taken to the ruling permitting such use, the objection is not available on writ of error.

3. A deposition taken on behalf of accused and placed and left on file, whether offered by him or not, may be used against him— he having to that extent waived his right to meet the witness face to face.

4. The defendant in a criminal action may waive any right except his right to a trial by twelve jurors.

5. Under sec. 2829, Stats. (1898), no judicial determination, whether in a civil or criminal case, will be disturbed on purely technical grounds, or on any grounds not substantially and unjustly affecting the party complaining, unless the written law so provides.

6. The question whether evidence offered to show guilty intent could reasonably be considered as tending to prove such intent is largely a matter of judgment, and a ruling of the trial court thereon will not be disturbed except for manifest error.

ERROR to review a judgment of the circuit court for Sheboygan county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

Plaintiff in error was informed against as having, at a place and time named, while acting as agent of E. B. Garton, and not the latter's apprentice nor under sixteen years of age, been intrusted, as such agent, with a certain certificate of corporate stock of the value of $1,000, for sale thereof and, being so intrusted, of having feloniously taken and carried away said property intending to fraudulently convert it to his own use.

The information contained all formal requisites and purported to charge an offense under sec. 4418, Stats. (1898). He was tried on the issue of not guilty, convicted, and sentenced to state prison for two years.

*Theo. Benfey,* for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, A. C. Titus,* assistant attorney general, and *W. B. Collins,* district attorney, and oral argument by *Mr. Collins.*

MARSHALL, J. Counsel for plaintiff in error present some nineteen assignments of error for consideration. All may be sufficiently considered in a few groups and with brief discussion.

It is first suggested the evidence does not sustain the verdict. Under the rule that the finding of a jury must be regarded as a verity on appeal if in any reasonable view of the evidence such a conclusion could have been arrived at, the one before us cannot be disturbed unless some prejudicial error of law was committed. That rule applies to verdicts in criminal cases as well as in civil cases.

It is further suggested the circuit court erred in permitting depositions taken on behalf of the accused to be used against him. There are at least two efficient answers to that suggestion.

It does not appear that objection to use of the depositions on behalf of the state was insisted upon, or any exception taken to the ruling of the court in that regard. There was considerable discussion when the case was being made in chief as to whether depositions could be used, properly, against a defendant in a criminal action till offered in his behalf, ending by an agreement, subject to conditions not material here, that the direct examinations, in due course, should be read on behalf of the accused, subject to such objections as might then be made, and that the state's attorney might then read such of the depositions as he might choose to, subject to such objections as to relevancy as counsel for the accused should then make. Leading up to this agreement the latter's counsel made some objections, raising however only the question of whether a deposition taken by one party can be used by his adversary in advance of its having been offered in his own behalf. Some rulings were made respecting such objection, to the effect that no part of a deposition can be excluded upon an offer to use it by the party adverse to the one in whose behalf it was taken, solely on the ground of its competency for the former being dependable upon whether the latter sees fit to use it and to the extent of such use. The court overruled the objection, holding that if one party to an action takes a deposition for use on the trial, places it on file, and fails to withdraw it properly before trial yet does not read it in evidence, any part thereof which the opposite party may desire to read, he can offer subject to objection, as if the witness were present testifying. No exception was taken to such ruling. Thus it will be seen that no question as to the competency of the depositions in question was preserved for review.

Notwithstanding the question of competency was waived, as we have seen, we may well observe that if it were otherwise the result would be the same. The ruling on the particular point presented to the trial court is sustained by *Juneau Bank v. McSpedon,* 15 Wis. 629, and *Hazleton v. Un-*

*ion Bank,* 32 Wis. 34; *Maldaner v. Smith,* 102 Wis. 30, 78 N. W. 140.

It is suggested that the accused, by the court's rulings, was deprived of his constitutional right to meet the witnesses face to face. No objection was made at the trial on that specific ground. If it could be efficiently claimed the objections interposed were broad enough to include such ground, no exception was saved to the rulings. The accused was competent to waive his constitutional right. One so circumstanced can waive any right he may have quite as freely as in a civil case. That rule only stops short of competency in a criminal case to waive the right to a trial by twelve jurors. Even that exception exists by deference to early decisions which the court in recent years has not thought best to disturb. *Jennings v. State,* 134 Wis. 307, 114 N. W. 492; *Okershauser v. State,* 136 Wis. 111, 116 N. W. 769; *Hack v. State,* 141 Wis. 346, 124 N. W. 492; *Oborn v. State,* 143 Wis. 249, 126 N. W. 737. In the latter case it was said, referring to many previous ones, the doctrine of waiver as applied to a criminal case is a very broad one, quite as broad as in civil cases.

"No limit has yet been found in this court to the competency of an accused person in a criminal case to waive irregularities or rights, except the single instance,—one of disability in a capital case to waive the right of trial by twelve jurors."

It follows, logically,—from the doctrine that a deposition taken at the instance of one party and found on the court files at the time of the trial may be used by his adversary, regardless of whether offered by the former or not, and the settled doctrine of waiver,—that if an accused person sees fit to cause a deposition to be taken in his behalf and made a part of the court files existing at the time of the trial, he thereby waives his constitutional right to meet the witnesses face to face, so far as otherwise his adversary would be precluded from using such deposition whether offered by him or not.

There are authorities elsewhere contrary to the foregoing, but they need not be referred to since this court has, really, long since taken its position in respect to the matter. The general policy as to depositions was adopted for this state in *Juneau Bank v. McSpedon, supra,* and has since been steadfastly adhered to, a choice being made between conflicting authorities, the court taking the one most adaptable to the system of our Code, rounded out as it is by the general declaration contained in sec. 2829, Stats. (1898), which has been repeatedly held to apply to criminal as well as civil cases. Under that policy, progressive, as it ought to be, in the direction of the sensible and practicable, no judicial determination can be disturbed upon purely technical grounds, or any not substantially unjustly affecting the party complaining, except in situations, if there be any, where the hands of the court may be tied by written law, actually or by due deference to legislative will.

A group of assignments of error are predicated upon the claim that evidence offered to show guilty intent had no relevancy to that end. The objection, primarily, presented in each instance a question of competency. If the purpose of the evidence was legitimate and in any reasonable view it might have had some appropriate efficiency with the jury, it was competent and relevant. That the purpose was legitimate is not doubted. Whether the evidence could reasonably be considered as tending appropriately was largely a matter of judgment. In such situations it requires a case of manifest error to warrant this court in disturbing the ruling of the circuit judge. *Spick v. State,* 140 Wis. 104, 118, 121 N. W. 664. No such manifest error appears as to any such ruling in this case to which our attention has been called.

The foregoing covers all matters which seem to have sufficient merit to warrant their being referred to more than to suggest that they have not been overlooked.

*By the Court.*—Judgment affirmed.