MASSEY, Plaintiff in error, v. STATE, Defendant in error.

*September 10—October 5, 1965.*

For the plaintiff in error there was a brief by *Charlton, Yanisch, Binzak & Ritchay* of Milwaukee, and oral argument by *Earl A. Charlton.*

For the defendant in error the cause was argued by *Robert E. Sutton,* assistant district attorney of Milwaukee county, with whom on the brief were *Bronson C. La Follette,* attorney general, and *Hugh R. O'Connell,* district attorney.

CURRIE, C. J.   Defendant seeks reversal of the judgment of conviction on these two grounds:

(1) The appointment of the same counsel to represent both defendant and Sullivan because of claimed conflict of interests.

(2) The alleged illegal search of the automobile and seizure of the modified rifle.

*Appointment of Same Counsel.*

In support of the contention that it was prejudicial error for the trial court to have appointed Attorney McGrath to

represent both Sullivan and defendant, defendant cites *Glasser v. United States* [1] and *People v. Bopp*.[2]

The *Glasser Case* involved a prosecution of several defendants for conspiracy to defraud the United States, and five were convicted, among them Glasser and Kretske. Glasser, Kretske, and another appealed their convictions to the circuit court of appeals, and the convictions were affirmed. The United States supreme court granted certiorari. The trial court appointed one Stewart, who had been retained as counsel for Glasser, as attorney for Kretske. Under the facts presented this was held to be error, and the court stated: [3]

"In conspiracy cases, where the liberal rules of evidence and the wide latitude accorded the prosecution may, and sometimes do, operate unfairly against an individual defendant, it is especially important that he be given the benefit of the undivided assistance of his counsel without the court's becoming a party to encumbering that assistance. Here the court was advised of the possibility that conflicting interests might arise which would diminish Stewart's usefulness to Glasser. Nevertheless Stewart was appointed as Kretske's counsel. Our examination of the record leads to the conclusion that Stewart's representation of Glasser was not as effective as it might have been if the appointment had not been made. We hold that the court thereby denied Glasser his right to have the effective assistance of counsel, guaranteed by the Sixth Amendment. This error requires that the verdict be set aside and a new trial ordered as to Glasser."

In *People v. Bopp* [4] the defendant Bopp was indicted for first-degree murder and one McErlane as accessory after the fact. When the case was called for trial McErlane was represented by one Williams as counsel but Bopp was without

---

[1] (1942), 315 U. S. 60, 62 Sup. Ct. 457, 86 L. Ed. 680.
[2] (1917), 279 Ill. 184, 116 N. E. 679.
[3] 315 U. S., page 76.
[4] (1917), 279 Ill. 184, 116 N. E. 679.

counsel or means to hire one. The trial court then appointed Williams as counsel for Bopp over the protest of Williams that the facts as told him by McErlane indicated that the latter's interests were opposed to those of Bopp. Bopp was subsequently convicted but this conviction was reversed by the Illinois supreme court. One of the errors held to have occurred at the trial was the appointment of Williams to represent Bopp, and the court declared: [5]

"The defenses of these two defendants were not the same. Each was an alibi, but each was dependent upon different testimony from the other. It might well be that testimony tending to exculpate one would tend to inculpate the other . . . . When the attorney stated to the court that his duty to his client by whom he was retained was inconsistent with the duty which the court sought to impose on him his statement should have been accepted. He should not have been required to disclose the facts showing the inconsistency."

The facts in the instant case are clearly distinguishable from those in *Glasser* and *Bopp*. McGrath accepted without protest his appointment to represent both defendants and both defendants consented thereto. At the time Judge STEFFES appointed McGrath, the judge stated to defendant and Sullivan, "He [McGrath] can tell you whether there is any conflict of interest requiring any further appointments." There is nothing in the record which would indicate that there was any conflict of interests in McGrath's representation of both. By defendant's own testimony it is clear that he was the owner and possessor of the modified rifle, possession of which furnished the basis of his conviction. No doubt is created by this record with respect to defendant's own guilt, but only a suspicion that he may have falsified the fact that Sullivan had no connection with the crime. This suspicion is partly due to McGrath's statement to the court at

[5] 279 Ill. 184, 191, 192.

time of sentencing defendant, "In going over the whole situation with Massey I spoke to him about the connection of Sullivan in the deal and he told me what he told the Court. At least he can stand and say that he did that good turn for his pal." To have inculpated Sullivan would not have exculpated defendant.

In view of these facts we find no merit to defendant's contention that he was denied effective representation by counsel because of McGrath's also having been appointed to represent Sullivan.

*Alleged Illegal Search and Seizure.*

Here defendant pleaded guilty with assistance of counsel. The learned trial judge very carefully questioned defendant to be sure that the change of plea to guilty was voluntarily and freely made.

This court in *Hawkins v. State,*[6] after thoroughly reviewing the authorities, held that a plea of guilty is properly deemed a waiver of a claim of unlawful search and seizure where the plea, as here, was voluntarily and understandingly entered by one who had the assistance of counsel. That holding controls the result here.

A timely motion was made in the trial court to vacate the judgment of conviction and withdraw the plea of guilty. The motion was denied. We deem it significant that this denial has not been challenged by appeal or writ of error.

*By the Court.*—Judgment affirmed.

---

[6] (1965), 26 Wis. (2d) 443, 132 N. W. (2d) 545.