MUELLER, Plaintiff in error, v. STATE, Defendant in error.*

*September 9—October 4, 1966.*

* Motion for rehearing denied, without costs, on January 31, 1967.

72

For the plaintiff in error there was a brief and oral argument by *Thomas S. Brenner* of Waukesha.

For the defendant in error the cause was argued by *Betty R. Brown*, assistant attorney general, with whom on the brief were *Bronson C. La Follette*, attorney general, *William A. Platz*, assistant attorney general, and *Roger P. Murphy*, district attorney of Waukesha county.

WILKIE, J. The two issues presented on this review are:

1. Where the plaintiff in error was represented by counsel at his trial, did the trial court abuse its discretion in denying the plaintiff in error's post-conviction motion to withdraw his plea of guilty where the plaintiff in error testified he was not aware of the nature and seriousness of the offenses charged and was not informed on this matter by either the trial court or his lawyer?

2. Was plaintiff in error entitled to withdraw his plea of guilty as of right because his attorney also represented a codefendant?

## Trial Court's Discretion.

Ordinarily, the question of the withdrawal of a plea of guilty is addressed to the discretion of the trial court.[2] The general rule is that the defendant must establish adequate grounds for the withdrawal,[3] and the defendant has the burden of proof on this issue.[4] The rule is stated as follows:

"Accused has the burden of showing adequate grounds for permitting the withdrawal of his guilty plea and of proving his allegations or showing cause for a change of plea; . . .

". . . The doctrines of 'presumptive innocence' and 'proof beyond a reasonable doubt' are inapplicable on such motion since accused by his plea has already admitted his guilt." [5]

Mueller's sole basis for claiming an abuse of discretion on the part of the trial court is his contention that he was not informed by his attorney or by the trial court of the nature and seriousness of the offenses charged.

In *State v. Strickland* [6] we said:

"Courts have the right to assume in such a situation [where defendant, with counsel, pleads guilty] that coun-

---

[2] *Gordon v. State* (1922), 178 Wis. 205, 207, 188 N. W. 752; *State v. Dowling* (1931), 205 Wis. 314, 316, 237 N. W. 98; *La Fave v. State* (1940), 233 Wis. 432, 441, 289 N. W. 670; *Pulaski v. State* (1964), 23 Wis. (2d) 138, 143, 126 N. W. (2d) 625; *State v. Payne* (1964), 24 Wis. (2d) 603, 604, 129 N. W. (2d) 250.

[3] *Papalia v. United States* (2d Cir. 1964), 333 Fed. (2d) 620; *United States v. Napolitano* (D. C. N. Y. 1963), 212 Fed. Supp. 743; *Friedman v. United States* (8th Cir. 1952), 200 Fed. (2d) 690, certiorari denied, 345 U. S. 926, 73 Sup. Ct. 784, 97 L. Ed. 1357.

[4] *Van Voorhis v. State* (1965), 26 Wis. (2d) 217, 131 N. W. (2d) 833, held that if the court had complied with the requirement of advising defendant of his right to counsel, then defendant had the burden of showing a lack of intelligent waiver of counsel. If the court had not complied with this requirement, the burden was on the state to show intelligent waiver.

[5] 22 C. J. S., Criminal Law, p. 1160, sec. 421 (5).

[6] (1965), 27 Wis. (2d) 623, 631, 135 N. W. (2d) 295.

sel has fulfilled his duty of proper representation by fully explaining to the accused the nature of the offense charged, the range of penalties, and possible defenses thereto, and satisfying himself that the accused understands such explanations, before permitting the accused to authorize the entry of a plea of guilty."

Defendant has the burden to overcome this assumption. Yet the only evidence on this point is defendant's own flat assertion that he was not told by Johnson of the "serious consequences" of his crimes. Yet he also testified that Johnson told him he would "get five years in Green Bay." This conflict in Mueller's testimony, plus the fact that the court was not bound to accept Mueller's contention as constituting fact,[7] is sufficient to support the trial court's determination that the petitioner had failed to prove his allegations (1) that he was not informed regarding sentences and (2) that he was not told of the nature and consequences of the offenses.

### Dual Representation by Counsel.

One exception to the rule that withdrawal of a plea of guilty is discretionary with the trial court is where the defendant establishes the fact of "a denial of a relevant constitutional right." [8] In such a case withdrawal of the plea is a matter of right.[9] In the instant case Mueller urges that the withdrawal of his plea of guilty should be permitted of right for the reason that his attorney also represented codefendant Koerner and that this dual representation, without the knowledge of plaintiff in error, deprived him of the effective assistance of counsel. Counsel relies on the case of *Glasser v. United States*.[10] In

---

[7] "Questions of fact are for the trial court to determine and it is not required to give full credence to the testimony of accused. . . ." 22 C. J. S., Criminal Law, p. 1161, sec. 421 (5).

[8] *Van Voorhis v. State, supra*, footnote 4, at page 223.

[9] See *State v. Strickland, supra*, footnote 6.

[10] (1942), 315 U. S. 60, 62 Sup. Ct. 457, 86 L. Ed. 680.

*Glasser,* codefendants were charged with a conspiracy. Attorney Stewart was retained by defendant Glasser to defend him. The other defendant, Kretske, was unable to get an attorney so the court asked Stewart if he would represent Kretske. Both Attorney Stewart and codefendant Glasser raised objections, but the court appointed Stewart as Kretske's counsel. A joint trial was held and Glasser was convicted of conspiracy. The United States supreme court ruled that defendant Glasser was denied assistance of counsel contrary to the Sixth amendment of the constitution. The basis of the court's holding that counsel's dual representation deprived Glasser of assistance of counsel was the strong possibility of inconsistent interests, which was pointed out to the trial court. These inconsistent interests had demonstrably hindered the performance of counsel at trial. At one point the attorney refused to cross-examine a witness contra to Glasser's interests, because of a desire to protect Kretske. Stewart also allowed testimony which was inadmissible as to Glasser to come in because he desired to avoid prejudice to Kretske. Thus, the major element in the *Glasser* holding is the existence of a conflict of interests between the codefendants, which actually lessened the effectiveness of counsel's presentation.

In *Glasser* the court makes the following statement:

"There is yet another consideration. Glasser wished the benefit of the undivided assistance of counsel of his own choice. We think that such a desire on the part of an accused should be respected. Irrespective of any conflict of interest, the additional burden of representing another party may conceivably impair counsel's effectiveness." [11]

Petitioner argues that this holding requires an attorney dedicated solely to his interests, regardless of whether any conflict of interest exists. This interpretation of

[11] *Glasser v. United States, supra,* footnote 10, at page 75.

*Glasser* is too broad. Petitioner must make a showing that the dual representation impaired the effectiveness of his counsel. In *Glasser* the element of conflict of interest was essential to a showing that dual representation impaired the effectiveness of counsel.

In a recent Wisconsin case on the problem of dual representation, *Massey v. State*,[12] Attorney McGrath was appointed by the trial court as counsel for codefendants Sullivan and Massey. Massey was convicted and claimed prejudicial error because of this dual representation. The Wisconsin supreme court distinguished *Glasser* on the grounds that no protest had been made by either Massey or the attorney to the appointment, that no conflict of interest appeared, and that testimony tending to exculpate one defendant would not inculpate the other.

Thus, both *Glasser* and *Massey* are in accord with the general rule that one attorney may represent two defendants indicted for participation in the same crime, unless the interests of the defendants are shown to be in conflict.[13]

Defendant Mueller alleges that his interests were in conflict with those of codefendant Koerner. The basis of this contention is that the acts of defendants Mueller and Koerner were not the same, and that there would have been more difficulty in identifying defendant Mueller at trial. This is not sufficient to support a finding of conflict as a matter of law.

In *People v. Bopp*[14] the codefendants had separate alibis which were inconsistent. The court held that conflict existed because testimony tending to exculpate one would tend to inculpate the other.

In *People v. Lanigan*[15] counsel could not represent codefendants in a joint robbery trial because of the conflict

[12] (1965), 28 Wis. (2d) 376, 137 N. W. (2d) 69.
[13] 21 Am. Jur. (2d), Criminal Law, p. 348, sec. 319.
[14] (1917), 279 Ill. 184, 116 N. E. 679.
[15] (1943), 22 Cal. (2d) 569, 140 Pac. (2d) 24.

in tactical considerations as to whether each defendant should take the stand.

*State v. Karston* [16] involved a conflict because both defendants pleaded guilty to murder which carried a penalty of life imprisonment or death by hanging. The common counsel pleaded for leniency on behalf of one defendant, impliedly throwing the other defendant on the mercy of the court.

In all these cases, a situation was encountered in which the attorney could not efficiently represent both people because differences in trial strategies dictated conflicting interests. Standing alone, mere variances in facts as to the actions of the codefendants in the alleged crime do not come within the requirement of conflicting interests.

In *State ex rel. Favors v. Tucker* [17] counsel represented two codefendants, pleading one guilty. The other pled not guilty and counsel zealously pursued his defense. The court found no impropriety or conflict. *People v. Fernandez* [18] found no conflict where the attorney had given capable, zealous and industrious representation and the trial court had instructed the jury on the possibility of conflict.

Mueller shows no actual conflict between representation of Koerner and himself. In the final analysis he contends that the mere fact of dual representation is the denial to him of effective counsel. Yet he was "subconsciously" aware of the dual representation at the time of trial and made no complaint about it at the time. There must be shown either some actual conflict or some other persuasive reason why Johnson did not effectively represent both defendants. Mueller has not met this burden.

Finally, Mueller requests the court to invoke its discretionary power under sec. 251.09, Stats., to prevent this

[16] (1955), 247 Iowa 32, 72 N. W. (2d) 463.
[17] (1957), 143 W. Va. 130, 100 S. E. (2d) 411.
[18] (1950), 301 N. Y. 302, 93 N. E. (2d) 859.

alleged miscarriage of justice. We do not believe justice has miscarried and will not order a new trial pursuant to sec. 251.09.[19]

*By the Court.*—Order affirmed.

[19] *Lock v. State* (1966), 31 Wis. (2d) 110, 142 N. W. (2d) 183.