HOLLOWAY, Plaintiff in error, v. STATE, Defendant in error.

*October 7—November 29, 1966.*

For the plaintiff in error there was a brief and oral argument by *Stanley F. Hack* of Milwaukee.

For the defendant in error the cause was argued by *Robert E. Sutton,* assistant district attorney of Milwaukee county, with whom on the brief were *Bronson C. La Follette,* attorney general, and *Hugh R. O'Connell,* district attorney.

WILKIE, J. Two attacks are launched by the defendant. The first essentially charges that the incriminatory admissions made by him as to both charges were constitutionally tainted and could not be used to convict him. The second substantially is that he was denied effective assistance of counsel under the Sixth amendment of the United States constitution, because he was represented in a conspiracy trial by counsel who also represented a codefendant.

Defendant's first attack raises two issues:

(1) Does the *Escobedo* doctrine apply to exclude statements made to police when defendant was in custody if defendant was warned of his right to remain silent and if defendant did not request counsel while being interrogated?

(2) Does the failure to object at trial to admission of evidence which is improperly admitted under the *Escobedo* doctrine waive constitutional challenge to this evidence on appeal?

*Applicability of Escobedo.*

At the trial on the charge of conspiracy one of the statements taken from defendant on September 20, 1963, the evening of his arrest, was offered in evidence by the state. Police officers testified that defendant was advised he did not have to answer questions without first obtaining counsel. This was denied by defendant. They testified that he then gave the statement.

Holloway contends that this statement was unconstitutionally obtained from the defendant. He first asserts that this follows from the application of the *Escobedo* rule.[1]

In *Escobedo* the United States supreme court prohibited the use in evidence of post-arrest, police-station, and pretrial statements made there by Escobedo.

". . . [W]here, as here, the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, the suspect has been taken into police custody, the police carry out a process of interrogations that lends itself to eliciting incriminating statements, the suspect has requested and been denied an opportunity to consult with his lawyer, and the police have not effectively warned him of his absolute constitutional right to remain silent . . . ."[2]

This court limited *Escobedo* to its facts. In *Browne v. State*,[3] for example, the accused had not requested and been refused a lawyer during interrogation. The court held that this fully distinguished the *Escobedo Case* so that *Escobedo* was not controlling. The court has applied this view of *Escobedo* in several later cases, requiring that each fact of *Escobedo* be met by the case at bar before the *Escobedo* doctrine would be applied.[4]

Although there is no evidence in the record that the plaintiff in error requested counsel prior to giving his confessions, defendant relies on his own and his attorney's post-trial allegation that defendant had requested

[1] *Escobedo v. Illinois* (1964), 378 U. S. 478, 84 Sup. Ct. 1758, 12 L. Ed. (2d) 977.

[2] Id. at page 490.

[3] (1964), 24 Wis. (2d) 491, 129 N. W. (2d) 175, 131 N. W. (2d) 169.

[4] *State v. Burnett* (1966), 30 Wis. (2d) 375, 141 N. W. (2d) 221; *Phillips v. State* (1966), 29 Wis. (2d) 521, 139 N. W. (2d) 41; *Neuenfeldt v. State* (1965), 29 Wis. (2d) 20, 138 N. W. (2d) 252; *State ex rel. Goodchild v. Burke* (1965), 27 Wis. (2d) 244, 133 N. W. (2d) 753.

an attorney prior to submitting a statement. In his rulings on the post-conviction motions, the trial court expressly found that Holloway was effectively advised of his right to remain silent and of his right to counsel and that the writing of the statement was the voluntary and deliberate choice of the defendant.

Is this determination subject to review by this court? The case of *State v. Burnett* [5] involved precisely the same facts as the case at bar, and the court refused to apply the *Escobedo* doctrine.

In his attempt to exclude the confession by coming within the *Escobedo* doctrine, in a post-trial affidavit Holloway alleged that he made known his desire to contact counsel. He also argues that his testimony was that he was not told of his right to remain silent, and this refutes the testimony of the police officer. Abuses of criminal process, not in the record, cannot be reviewed by our supreme court on writ of error.[6] Holloway cannot raise the *Escobedo* problem by inserting an essential element of that defense—the request for counsel—into the record by a post-trial affidavit which merely reiterates his own contradicted testimony given on the same issue during the trial. Although plaintiff in error testified to the contrary at the trial the trial judge made a ruling that he was advised of his right to remain silent and this was supported by the evidence.

---

[5] *Supra,* footnote 4, at page 383: "This raises a question in the general area of *Escobedo v. Illinois,* although it is clear that in this case two of the elements which the supreme court of the United States listed in holding Escobedo's statements constitutionally inadmissible are absent. Here there was no request for an opportunity to consult with a lawyer, and Burnett was effectively advised of his right to remain silent."

[6] *Rafferty v. State* (1966), 29 Wis. (2d) 470, 138 N. W. (2d) 741; *Sparkman v. State* (1965), 27 Wis. (2d) 92, 133 N. W. (2d) 776; *Babbitt v. State* (1964), 23 Wis. (2d) 446, 127 N. W. (2d) 405.

*Alteration of Wisconsin Interpretation of Escobedo.*

Holloway also argues that if the circumstances of this case, with or without the evidence supplied by the post-trial affidavits, do not compel the application of *Escobedo,* then this court should modify its interpretation of *Escobedo* so as to include the facts of this case. Holloway contends that this is required by the holding in *Miranda v. Arizona.*[7] *Miranda* articulates certain procedural safeguards which must be employed before statements made during interrogation and prior to trial will be admissible in court. That decision was made prospective only and applicable to statements offered at trials commencing after June 13, 1966.[8] Although *Escobedo* was in effect at the time of this trial and *Miranda* was not, we see no good reason for altering our interpretation of *Escobedo* in the light of *Miranda* or otherwise.

*Necessity of Objecting at the Trial.*

The state argues that the *Escobedo* question may not be raised on this appeal because of the failure of defense counsel to object at trial to the admission of the confession of Holloway. When defendant's statement admitting the conspiracy was offered by the state at trial the defense made no objection as to this defendant. Thereupon this statement was received and defendant was later convicted. The state cites a long list of Wisconsin cases which establish the rule that failure to object to the admission of evidence at trial waives this objection on

[7] (1966), 384 U. S. 436, 86 Sup. Ct. 1602, 16 L. Ed. (2d) 694.
[8] *Johnson v. New Jersey* (1966), 384 U. S. 719, 86 Sup. Ct. 1772, 16 L. Ed. (2d) 882, made the *Miranda* holding prospective only. See *Simpson v. State,* ante, p. 195, 145 N. W. (2d) 206; *Reimers v. State* (1966), 31 Wis. (2d) 457, 143 N. W. (2d) 525; *State v. Shoffner* (1966), 31 Wis. (2d) 412, 143 N. W. (2d) 458.

appeal.[9] The state also cites several cases where the evidence admitted did not meet the requirements of *Escobedo* and the appellate court ruled that failure of objection at trial waives this objection on appeal.[10] None of these cases, however, considers the doctrine of *Henry v. Mississippi*[11] or *Goodchild*.[12]

In *Henry* evidence was admitted at trial without objection. On appeal to the state appellate court the defendant alleged that the evidence had been obtained as a result of an illegal search, but the state court held that the failure to object was fatal to defendant's appeal. The United States supreme court did not decide that a state must forgo insistence on the procedural requirement of objection to preserve error, but remanded for a determination of whether the failure to object was a strategic maneuver. The doctrine of *Henry v. Mississippi* must be considered in the light of *Jackson v. Denno*.[13] In *Jackson* no objection was made to the admission of Jackson's statements. The United States supreme court reviewed the issue of whether they were voluntary anyway and determined that the voluntariness of defendant's statements was not an issue for the jury. In *State ex rel. Goodchild v. Burke* (after *Henry* and *Jackson*) our court did not make an express holding that the failure to object to evidence is not fatal to the preservation of constitutional errors. This issue was never reached because it was obvious from the record that objection to the evi-

---

[9] *State v. Dunn* (1960), 10 Wis. (2d) 447, 103 N. W. (2d) 36; *Ferry v. State* (1954), 266 Wis. 508, 63 N. W. (2d) 741; *State v. Hoffman* (1942), 240 Wis. 142, 2 N. W. (2d) 707; *Smith v. State* (1911), 145 Wis. 612, 130 N. W. 461.

[10] *United States v. Del Llano* (2d Cir. 1965), 354 Fed. (2d) 844; *United States v. Bolden* (7th Cir. 1965), 355 Fed. (2d) 453; *United States v. Ballou* (2d Cir. 1965), 348 Fed. (2d) 467.

[11] (1965), 379 U. S. 443, 85 Sup. Ct. 564, 13 L. Ed. (2d) 408.

[12] *Supra,* footnote 4.

[13] (1964), 378 U. S. 368, 84 Sup. Ct. 1774, 12 L. Ed. (2d) 908.

dence had not been made for strategic reasons.[14] In the case at bar, no such tactical reasons are apparent. Defense counsel objected to admission of Holloway's statement on the conspiracy, but only on the grounds that it was inadmissible against Simmons, the codefendant. Thus the court is squarely faced with the question of whether an objection must be made to preserve constitutional error. Such an objection is not necessary, although in the instant case nothing is gained by the defendant since the facts do not meet *Escobedo* as interpreted by this court.

### Lack of Effective Assistance of Counsel.

Holloway's second main attack alleges that the trial court erred in permitting defendant Holloway to be represented by the same attorney that represented the codefendant, Simmons, in the conspiracy trial. It is alleged that this dual representation deprived Holloway of effective assistance of counsel during trial in violation of the Sixth amendment to the United States constitution.

Our court has recently dealt with the problem of dual representaton of codefendants in the case of *Mueller v. State*.[15] In this case the court considered *Glasser v. United States*,[16] a United States supreme court case where the central issue was denial of the effective assistance of counsel because of dual representation. We summarized the *Glasser* holding as follows:

"Thus, the major element in the *Glasser* holding is the existence of a conflict of interests between the codefendants, which actually lessened the effectiveness of counsel's presentation." [17]

---

[14] *State ex rel. Goodchild v. Burke, supra,* footnote 4, at page 267.

[15] Ante, p. 70, 145 N. W. (2d) 84.

[16] (1942), 315 U. S. 60, 62 Sup. Ct. 457, 86 L. Ed. 680.

[17] *Mueller v. State, supra,* footnote 15, at page 76.

*Massey v. State* [18] also supports the general rule that one attorney may represent two defendants indicted for participation in the same crime, unless the interests of the defendants are shown to be in conflict.

The attorney for Holloway attempts to show that the attorney at trial interposed many objections for Simmons and few for Holloway, and that the trial attorney weighted his closing arguments in favor of codefendant Simmons.

One of the main witnesses for the prosecution was George Griffin, one of the original "three musketeers" in the conspiracy plot. Griffin's testimony implicated both Simmons and Holloway. Simmons and Holloway each took the stand during the case for the defense and denied Griffin's testimony. Neither defendant implicated the other when testifying. In an attempt to impeach Griffin counsel read into the record certain statements made at Holloway's preliminary, fingering Holloway but not Simmons.

Boiled down all this amounts to is the probability that the state had a much more difficult case against Simmons than Holloway, because it could not get Holloway's statement into evidence against Simmons. The positions of Holloway and Simmons were not inconsistent in that both maintained they were innocent and both maintained that Griffin, the state's witness, had suggested the holdup which neither defendant was interested in. The fact that the case against one defendant was stronger does not mean their positions at trial were inconsistent.

In closing, defense counsel argued that Simmons had nothing to do with the conspiracy and Holloway could not conspire with himself. Defense counsel also attempted to attack the character and veracity of Griffin. From Holloway's standpoint, this strategy appears to be all his counsel could do in the face of Holloway's own statement, which had been admitted against him. In our opinion,

---

[18] (1965), 28 Wis. (2d) 376, 137 N. W. (2d) 69.

Holloway was not thrown to the wolves to save Simmons, nor was he denied effective representation.

Plaintiff in error also argues that he was denied effective representation because defense counsel chose to put both defendants on the stand, and testimony which tended to exculpate one inculpated the other thus developing a conflict.[19] Neither defendant implicated the other by his testimony. Both stated that Griffin initially suggested the robbery. Simmons said he would have nothing to do with the robbery and left. Holloway said nothing about the robbery while he was there. Holloway confirmed Simmons' testimony that Simmons left immediately, and also testified that he was not interested. This trial strategy of putting both defendants on the stand does not demonstrate a conflict of interests.

Accordingly, no showing of a conflict of interest has been made. Defendant Holloway was vigorously and ably defended at trial.

### The Robbery Charge.

After his conviction for conspiracy, Holloway asked for leave to withdraw his plea of guilty to the charge of armed robbery. This was denied by the trial court. A plea of guilty may be withdrawn of right where a constitutional right has been violated.[20] There was no such violation here, and the trial court's ruling on the motion, that Holloway's plea was voluntarily made with full understanding of the consequences, is amply supported by the record. We find no abuse of its discretion by the trial court in refusing to permit defendant to withdraw his plea.

---

[19] *Massey v. State, supra,* footnote 18, at page 382.

[20] *Van Voorhis v. State* (1965), 26 Wis. (2d) 217, 131 N. W. (2d) 833.

*No New Trial in Interests of Justice.*

A new trial pursuant to sec. 251.09, Stats., is requested. We will only grant such a trial when this court is convinced the defendant should not have been found guilty.[21] Justice has not miscarried.

*By the Court.*—Judgments and orders affirmed.

[21] *Lock v. State* (1966), 31 Wis. (2d) 110, 142 N. W. (2d) 183.