CURRY, Plaintiff in error, v. STATE, Defendant in error.

*September 8—October 3, 1967.*

226

For the plaintiff in error there were briefs and oral argument by *Manlio G. Parroni* of Eau Claire.

For the defendant in error the cause was argued by *Betty R. Brown*, assistant attorney general, with whom on the brief were *Bronson C. La Follette*, attorney general, and *William A. Platz*, assistant attorney general.

HEFFERNAN, J. The record shows that counsel was appointed for the defendant and that he appeared in court at all critical times during the course of the proceedings. We said in *Van Voorhis v. State* (1965), 26

Wis. 2d 217, 223, 131 N. W. 2d 833, that if the record shows that there has been a failure to provide counsel, it becomes the duty of the state to show that the defendant was not prejudiced thereby and that no constitutional right was infringed as a result. However, we have decided in *Mueller v. State* (1966), 32 Wis. 2d 70, 74, 145 N. W. 2d 84, and *State v. Koerner* (1966), 32 Wis. 2d 60, 65, 145 N. W. 2d 157, that when the record shows on its face, as it does here, that the defendant was represented, upon a motion to withdraw a plea of guilty the defendant must assume a similar burden if he is to prevail. The question of the withdrawal of a plea of guilty is addressed to the discretion of the court, and the defendant has the burden of showing adequate grounds for the withdrawal. The burden to be met is the one imposed by the clear and convincing evidence test. *State v. Reppin* (1967), 35 Wis. 2d 377, 385, 151 N. W. 2d 9. Hence, the question on this appeal is whether the trial judge abused his discretion in denying the motion to withdraw the plea, or to express the same rule differently, did the defendant by clear and convincing evidence establish that, because his assigned counsel also represented another defendant in separate proceedings growing out of the same incident, he was denied his sixth amendment rights to an effective counsel.

We have recently addressed ourselves to the problems that may arise when a single lawyer represents more than one of the defendants who participated in an alleged crime. *Massey v. State* (1965), 28 Wis. 2d 376, 137 N. W. 2d 69; *Mueller v. State, supra; Holloway v. State* (1966), 32 Wis. 2d 559, 146 N. W. 2d 441; *State v. Reppin, supra.* In *Reppin,* page 389, in evaluating the holdings of these cases, Mr. Justice HALLOWS, speaking for the court, said, "We think a potential conflict of interest is not sufficient to render counsel ineffective, and a showing must be made of an actual conflict." In *Mueller v. State, supra,* page 78, we stated that there must be an

actual conflict, or some persuasive reason why one lawyer could not represent more than one defendant.

Only if the defendant is able to support his allegations of a conflict by clear and convincing evidence could we hold that the trial judge abused his discretion in denying the motion.

The defendant complains that he was deprived of effective counsel because the lawyer whom the court appointed to represent him was at the same time appointed to represent his sister-in-law, Ida Curry, with whom he was apprehended on August 13, 1964. Defendant claims that he originally wished to plead not guilty, but his attorney persuaded him against his will to plead guilty because Ida Curry had decided so to plead. The defendant also claims that his attorney told him that he would refuse to represent him if he persisted in a not guilty plea. In an affidavit in support of his motion the defendant states that he elected to plead guilty rather than to risk the harm that might result from his attorney's withdrawal from the case. He fortifies his case with an affidavit signed by the attorney appointed to represent him in the trial court. Therein Attorney James G. Franey states:

". . . that the interests of Ida Curry and the defendant Raymond W. Curry were in conflict when Ida Curry, who had not previously been charged with an offense, wished to plead guilty; and the defendant, who had been charged with offenses at other times and who was charged with the commission of the same crimes as Ida Curry, wanted to plead not guilty."

While this affidavit alleges a conflict of interests, the record fails to show that one existed and in fact shows that the appointment of a separate counsel would not have obviated the predicament in which Curry found himself when an alleged coparticipant in a crime desired to plead guilty.

Before considering the effect of this affidavit further, the sequence of events following the arrests should be reviewed. On August 14, 1964, Ida Curry and the de-

fendant were brought before a magistrate for the initial appearance and were charged separately for the same burglary. At that time, the defendant was advised of his right to counsel. He claimed indigency and was told that he would be represented by court-appointed counsel. On August 17th, the defendant again appeared, this time with counsel, and at that time he advised the court that he was satisfied with the appointment of Mr. Franey. Unlike the defendant in *Mueller*, the defendant herein makes no claim that he was unaware of the fact that the court had also appointed Attorney Franey to represent Ida. Even though counsel had been appointed and was present, the court nevertheless, in the presence of Curry, questioned counsel extensively to determine whether the defendant had the mental ability to understand the proceedings, whether he understood the complaint filed against him, and whether he understood his right to a preliminary examination. On August 24th, the defendant appeared with his attorney and preliminary hearing was waived. In response to questions of the judge, the defendant stated that he concurred with Attorney Franey's wish to waive the preliminary examination. He acknowledged that he was acting on his own free will and that there had been no threats or force exerted upon him.

The record also shows that Raymond Curry wished to plead guilty to charges that were pending against him in Chippewa county. He applied to the court under provisions of sec. 956.01 (13), Stats., to have those matters disposed of in Eau Claire county, where he was then in custody. As was required by that statute, he stated in his application that, "I . . . agree to plead guilty to said offenses [Chippewa county charges] in Eau Claire County." This application was dated the 26th of August, 1964. He appeared in court on the 28th of August with counsel and at that time was asked whether he wished to have Mr. Franey represent him on the additional charges that had been brought by the district attorney since the

first appearance. He was also asked whether he wished to have Mr. Franey represent him for the balance of the proceedings already commenced. Prior to taking the defendant's waiver of the right of preliminary examination in regard to the new charges that were brought for the first time on that day, the following interchange took place:

"By Mr. Franey:
"Mr. Curry wishes to plead guilty to all fourteen counts.
"By Mr. Curry:
"That's right.
"By The Court: (to Mr. Curry)
"*Q.* You have heard the statement of counsel that you wished to enter a plea of guilty to all of the fourteen charges? *A.* Yes.
"*Q.* And this is made voluntarily and freely without force or threats? *A.* Yes.
"*Q.* And made without any promise or inducement? *A.* Yes."

Immediately thereafter, the same judge, acting in his capacity as judge of the upper branch of the county court having felony jurisdiction, pointed out to the defendant that he had the right to an attorney in the upper branch of the Eau Claire county court. He said to the defendant, "Do you wish to have me appoint Mr. Franey in the Upper Branch?" The defendant responded, "Yes." The reading of the information was waived, and defendant's counsel stated that Curry wished to plead guilty to each of the 14 counts. Thereupon, in response to queries from the bench, the defendant stated that the desire to plead guilty was voluntary on his part—that no one had used inducements, threats, or promises of leniency to induce him to plead.

Thus, the perusal of this record establishes without doubt that time after time the defendant was asked whether he wished to be represented by Mr. Franey and also whether his conduct was voluntary. His response each time was affirmative.

Moreover, the appointment of Franey to represent Curry in the upper branch was made with Curry's consent after the time, he now claims, he was aware of a conflict. However, there is not the slightest intimation in the record of any conflict of interests between Ida Curry and Raymond Curry. They never appeared in court together other than at their initial appearance, and their sentencing occurred at different times. The defendant cites *Glasser v. United States* (1942), 315 U. S. 60, 62 Sup. Ct. 457, 86 L. Ed. 680, for the proposition that Raymond Curry was denied effective counsel. The facts, however, in the instant case have no resemblance to *Glasser*. The *Glasser Case* was considered in both *Mueller v. State, supra,* and *Holloway v. State, supra,* and we pointed out that in *Glasser* the parties were tried together as codefendants and both Attorney Stewart and the codefendant Glasser objected to the appointment of Stewart when he was already Kretske's counsel. In the course of trial Attorney Stewart was forced into a situation where he found it necessary to refrain from cross-examining a witness because he feared that the testimony elicited might be unfavorable to his first client, Kretske, although favorable to Glasser, the client that the court had forced upon him. The facts in *Glasser* show an actual conflict of interests that demonstrably affected the conduct of the trial to the detriment of one of the defendants. In *Holloway v. State, supra,* page 568, we reiterated our statement in *Mueller v. State, supra,* page 76:

" 'Thus, the major element in the *Glasser* holding is the existence of a conflict of interests between the codefendants, which actually lessened the effectiveness of counsel's presentation.' "

Counsel for Curry summarizes the alleged conflict and the result of it thus:

"The facts from which the Court should have seen the existence of conflicting interests were these: Ida was a female, married and a mother, never previously charged

with any offenses, and, currently charged with only one (1) burglary; Raymond was a male, bachelor with no family responsibilities, previously charged with offenses, and, currently charged with fourteen (14) counts of burglary.

"The differences in circumstances between the defendants turned out to be a real factor in that Ida was sentenced to four (4) years on her plea of guilty upon the same count that Raymond received a sentence of ten (10) years for his guilty plea."

Counsel would have us conclude that because of the conflict trial counsel devoted his efforts to Ida and, consequently, she received only a four-year term while for the same offense Raymond received a sentence of ten years. We conclude, however, that the very fact that Ida was a first offender and had family responsibilities could alone account for a difference in sentences. Certainly, the defendant can gain little support for a proposition that Raymond was sacrificed for the benefit of Ida merely by showing that Raymond, a recidivist, received a heavier sentence. The defendant really contends that the mere fact that an attorney represents two defendants charged for participation in the same crime is *ipso facto* evidence of inadequate representation. This contention, however, has been disposed of in the negative in both *Holloway v. State, supra,* page 569, and *Massey v. State, supra.*

As pointed out above, the burden of proof is upon the defendant to establish by clear and convincing evidence that a conflict of interest existed. That burden has not been sustained. The only support for the defendant's position is that he wished to plead not guilty, and his attorney urged him to plead guilty and stated that he would refuse to represent him in the event of a not guilty plea. We find the present claim of conflict completely inconsistent with his petition of August 26, 1964, asking leave of the court to plead guilty to all charges if they were consolidated in Eau Claire county. They are also inconsistent with his repeated insistence upon keeping

Franey as his counsel, although the court made it clear that he could have another lawyer appointed.

The problem that counsel faced was that another defendant, Ida Curry, was pleading guilty to a charge to which Raymond Curry wished to plead not guilty. The probabilities that she would implicate Raymond at the time she pleaded guilty were substantial. This, however, is a problem that counsel would have had to face whether or not Ida Curry was represented by separate counsel.

The so-called conflict of interest merely boils down to the fact that Attorney Franey, in view of all the circumstances, including the fact that Ida was pleading guilty, thought it wise for Raymond to do likewise and Raymond accepted his counsel's advice.

We do not deem that Franey's threat to withdraw from the case was coercive or resulted in an involuntary plea in view of the fact that the court, after the incidents related above, asked whether Curry wished to have Franey continue to represent him on the old charges or to be appointed to represent him on the new charges. If there were any substance to the defendant's allegations, he could have accepted what amounted to the court's offer to appoint different counsel and he could then have proceeded with his not guilty plea. There is no merit in the defendant's claim. It is apparent that the trial court did not abuse its discretion in refusing to grant the defendant's motion for a withdrawal of the plea of guilty.

The defendant in his brief also asks us to review the sentencing judgment which was entered on August 28, 1964. However, the plaintiff's writ of error is to review not the sentence but the order of the county court dated August 5, 1965, which order denied the defendant leave to withdraw his guilty pleas. Hence, that judgment is not before the court, inasmuch as the alleged excessiveness of the sentence was not raised at the time the defendant moved for leave to withdraw his guilty pleas. Only the matters directed to the attention of the court at that

time are reviewable under this writ of error. *Babbitt v. State* (1964), 23 Wis. 2d 446, 127 N. W. 2d 405. The sentencing judgment is not reviewable by this writ of error, nor would a new writ be timely for that purpose.

The defendant has also in his reply brief raised for the first time the allegations that he should be allowed to withdraw his guilty pleas because promises of leniency were made to him if he would enter pleas of guilty to the 14 counts and, additionally, he claims that a "sick condition" rendered him incapable of voluntarily entering his pleas of guilty. Neither ground was presented to the trial court for consideration at the hearing to withdraw the plea of guilty. We said in *State v. Koerner, supra,* page 64:

"This court has consistently held that a review of a trial court's discretion in refusing to allow the withdrawal of a plea would not proceed beyond those grounds actually presented for the trial court's consideration. *State v. Strickland* (1965), 27 Wis. 2d 623, 633, 135 N. W. 2d 295; *Van Voorhis v. State* (1965), 26 Wis. 2d 217, 223, 131 N. W. 2d 833. We are therefore not obliged to consider these grounds upon appeal."

*By the Court.*—Order affirmed.

HANSEN, J., took no part.