Raymond W. CURRY, Petitioner-
Appellant,

v.

John C. BURKE, Warden, Wisconsin
State Prison, Respondent-
Appellee.

No. 16873.

United States Court of Appeals
Seventh Circuit.

Dec. 4, 1968.

Francis J. Podvin, Wisconsin Rapids, Wis., for appellant.

Bronson C. LaFollette, Atty. Gen., William A. Platz, Asst. Atty. Gen., Madison, Wis., for appellee.

Before CASTLE, Chief Judge, and SWYGERT and FAIRCHILD, Circuit Judges.

SWYGERT, Circuit Judge.

Petitioner, Raymond W. Curry, who is serving a sentence in the Wisconsin State Prison, appeals from the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. He contends that the district court erred in overruling his claim that in the state court proceeding leading to his sentence he was denied his sixth amendment right to counsel because his court-appointed lawyer represented conflicting interests and was thereby ineffective in his representation of the petitioner.

Prior to his filing of the instant petition in the district court, the petitioner initiated an appeal to the Wisconsin Supreme Court from the judgment of his

conviction and sentence in the County Court of Eau Claire, Wisconsin. Following the appointment of an attorney for him by the Supreme Court of Wisconsin, the petitioner filed in the Eau Claire County Court a motion to withdraw his pleas of guilty on which his sentence was based. In his motion the petitioner alleged that he was not guilty of the offenses for which he was convicted and further that he had not been represented by "independent counsel but * * * by a counsel representing a conflicting interest, by reason of which * * * [he] was persuaded and induced" to plead guilty. The motion was submitted on the record previously made in the case and on two affidavits, one signed by the petitioner and the other by James G. Franey, Jr., the attorney originally appointed to represent the petitioner. The state court denied the motion and the Wisconsin Supreme Court affirmed the ruling on appeal. Curry v. State, 36 Wis. 2d 225, 152 N.W.2d 906 (1967).

The issue raised in the instant habeas proceeding is identical with the one raised in the Wisconsin state courts, and the matter was submitted to the district court on the same record that was submitted to the Eau Claire County Court.

In its opinion, the Wisconsin Supreme Court set out fully the essential facts. For that reason we do not believe it necessary to repeat them in their entirety.

On August 13, 1964, the petitioner and his sister-in-law, Ida Curry, were apprehended in connection with certain burglary charges. The next day the two defendants were brought before a magistrate and charged separately. The petitioner claimed indigency, and thereupon attorney Franey was appointed to represent him. Franey was also appointed to represent Ida Curry. On August 17, 1964, the petitioner appeared before the magistrate and informed the court that he was satisfied with the appointment of Franey. Parenthetically, it should be noted that the petitioner makes no claim that he was unaware that Franey was also appointed to represent his sister-in-

law. On August 24, the petitioner again appeared before the magistrate with attorney Franey and waived a preliminary examination. He told the magistrate that he acted voluntarily and not under threat or force.

At a later date the petitioner applied under applicable Wisconsin law to have certain criminal charges pending against him in Chippewa County transferred to Eau Claire County on the required stipulation that he plead guilty to the Chippewa County charges. Upon questioning by the court, he said he wished to have attorney Franey represent him on the additional charges. Later, the magistrate, as judge of the upper branch of the county court, again advised the petitioner of his right to counsel. The petitioner responded by saying he wanted to have Franey represent him and that his desire to plead guilty to all the charges was voluntary and that no one had induced him to enter such a plea.

In his affidavit filed in connection with his motion to withdraw his plea of guilty, the petitioner averred that although he wished to enter a plea of not guilty, his attorney persuaded him "that it was to his best interests to plead guilty" and that leniency "would be available to him." He further averred that "after being talked into making an involuntary confession," he informed his counsel that he wished to withdraw his confession and to plead not guilty and that Franey thereupon told him that if the confession were revoked and if the petitioner would not plead guilty, he would withdraw from the case. He further stated that, rather than risk the harm resulting from his attorney's withdrawal, he elected to plead guilty.

The attorney in his affidavit stated in part:

[T]hat the interests of Ida Curry and the defendant Raymond W. Curry were in conflict when Ida Curry, who had not previously been charged with an offense, wished to plead guilty; and the defendant, who had been charged with offenses at other times and who was

charged with the commission of the same crimes as Ida Curry, wanted to plead not guilty.

Despite the allegations contained in the affidavits, the record shows that every time the petitioner was asked by the court whether he wanted Franey to represent him he said that he did, even though he was aware of the conflict of interests that he now claims to have existed.

There is not the slightest indication in the record of any conflict of interests between Ida Curry and the petitioner. These defendants never appeared in court together except at their initial appearance, and their sentencing occurred at different times. In these circumstances we believe that the case of Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), relied upon by the petitioner, is inapposite. There the facts showed an actual conflict of interests which was harmful to one of the defendants.

■■ The mere fact that an attorney represents two defendants charged with participation in the same crime is not ipso facto evidence of inadequate representation. We believe that the burden of proof is on a defendant to establish by clear and convincing evidence that a conflict of interests existed. That burden was not sustained here. The only support for the petitioner's position is that after receiving his sentence, he said that he had wished to plead not guilty and that his attorney had urged him to plead guilty and stated that he would refuse to represent him in the event of a not guilty plea. This claim is in conflict with petitioner's request to plead guilty to the charges from the adjoining county which were consolidated; it is also inconsistent with his repeated insistence upon keeping Franey as his counsel despite the fact that the court made it clear that he could have another lawyer appointed.

The problem that petitioner's counsel faced was that another defendant, Ida Curry, wished to plead guilty to a charge to which the petitioner wished to plead not guilty. The difficulties which such a guilty plea would raise for the defense of the petitioner existed regardless of whether Ida Curry was represented by separate counsel. In these circumstances, it was attorney Franey's opinion that the petitioner should plead guilty; counsel's advice was accepted.

■ The solicitous regard for the petitioner's rights which the state trial court manifested by its repeated questioning of the petitioner leads us to conclude that Franey's alleged threat to withdraw from the case was not coercive and that it did not result in an involuntary plea. After the consolidation of charges previously mentioned, the court asked whether the petitioner wished to have Franey continue to represent him on the original charge and to be appointed to represent him on the new charges. If there had been any substance to the petitioner's claim presented here, he could have accepted what amounted to the court's offer to appoint different counsel and proceeded with his not guilty plea.

■ Not only the facts relating to the conflict of interests charge, but also an application of the law with respect to such charge requires that the district court be affirmed. When the record shows, as it does here, that "[t]he guilty plea was voluntary the appellant must be said to have waived the conflict of interest theory." Martin v. United States, 256 F.2d 345, 349 (5th Cir. 1958); Vanater v. Boles, 377 F.2d 898 (4th Cir. 1967).

The judgment of the district court denying the petition for writ of habeas corpus is affirmed.

The court wishes to express its appreciation to Francis J. Podvin of the Wisconsin Bar for his conscientious services here as appointed counsel for petitioner.