WITZEL, Plaintiff in error, v. STATE, Defendant in error.

*Nos. State 101, 102. Argued December 2, 1969.—Decided December 19, 1969.*
(Also reported in 172 N. W. 2d 692.)

For the plaintiff in error there was a brief by *Olsen & Kloet* and *Alvin R. Kloet,* all of Sheboygan, and oral argument by *Alvin R. Kloet.*

For the defendant in error the cause was argued by *Mary V. Bowman,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, *William A. Platz,* assistant attorney general, and *Lance B. Jones,* district attorney of Sheboygan county.

ROBERT W. HANSEN, J.   Travelers in deserts report seeing mirages in the distance. As they are approached they recede or become blurred and fuzzy in outline. When they are reached, they vanish. The arguments of the defendant here have this exact dissolving quality. When you get close enough to them, they have disappeared.

*One for two.*

Defendant claims that because the attorney he retained represented both himself and one Matthew Baranski on charges involving burglary and theft from the Scroggins garage, a conflict of interest arose which de-

nied him the effective assistance of counsel. No actual conflict of interest is established. Instead it is the potential conflict which dual representation may produce that is relied upon. On this theory Loeb or Leopold or both could have secured a new trial because both were represented by the same attorney, Clarence Darrow, one of the great trial lawyers of this century. This concept of denial of effective assistance by the mere fact of one lawyer representing two or more defendants has been many times negatived by this court.[1] It is clear that ". . . a showing must be made of an actual conflict. Posing a potential for prejudice which did not materialize is not sufficient to replace the actuality of specific prejudice."[2]

### The Glasser Case.

As others have done before him, defendant seeks to come within the fact situation and holding of the case of *Glasser v. United States*.[3] There one attorney represented Glasser and another defendant in a long, involved conspiracy trial. The attorney had been appointed by the court before trial, despite Glasser's objection. At the trial, such appointed counsel was prevented from cross-examining certain witnesses because such cross-examination would be prejudicial to one of the defendants, although beneficial to Glasser. There Glasser had initially objected to the appointment of dual counsel. Here the defendant himself retained the attorney selected. There Glasser established that an actual conflict of

---

[1] *Massey v. State* (1965), 28 Wis. 2d 376, 137 N. W. 2d 69; *Mueller v. State* (1966), 32 Wis. 2d 70, 145 N. W. 2d 84; *Holloway v. State* (1966), 32 Wis. 2d 559, 146 N. W. 2d 441; *State v. Reppin* (1967), 35 Wis. 2d 377, 151 N. W. 2d 9; *Curry v. State* (1967), 36 Wis. 2d 225, 152 N. W. 2d 906; *Kaczmarek v. State* (1968), 38 Wis. 2d 71, 155 N. W. 2d 813; *State v. Doyle* (1968), 40 Wis. 2d 461, 162 N. W. 2d 60.

[2] *State v. Reppin, supra,* at page 389.

[3] (1942), 315 U. S. 60, 62 Sup. Ct. 457, 86 L. Ed. 680.

interest had arisen at the time of trial. Here the defendant has established no similar actual conflict. The blanket of the *Glasser* decision is a narrow one and it cannot be stretched to cover the defendant's situation.

*Attorney-client privilege.*

With the hindsight to which successor counsel are prone, the trial attorney is targeted for presumably having urged the defendant to enter a plea of nolo contendere. An attempt is made to bolster this argument by the claim in defendant's brief that the trial attorney testified at the hearing on the motion for new trial and refused to answer any questions as to conversations between himself and defendant. Trial counsel in criminal cases may have become fair game for postconviction counsel in many cases, but the claim made here goes beyond the facts and the record.

At the hearing on the motion for a new trial, defendant did not call his trial counsel to the witness stand even though such counsel was the only person who could verify defendant's account of his conversations with his trial attorney. When the state did call defendant's trial attorney to the witness stand as its witness, it was the defendant, through successor counsel, who objected to his testifying on the ground that it would violate the defendant's attorney-client privilege. Only after this objection was overruled by the court did the question of the codefendant's privilege arise. The defendant himself did state that his attorney had recommended a plea of nolo contendere despite his claim of innocence, but the trial court was not required to believe his testimony, and in fact did not. The trial court finding that no such conversation took place will not be overruled. No actual conflict of interest at the trial was established, and the motion to withdraw the plea on such ground was properly denied. It also follows that the claim of the defendant that he was in fact innocent of participating in the

Scroggins garage burglary and theft, since it was not believed by the court, affords no basis for disturbing the denial of the motion for a new trial.

*Consecutive sentences.*

Almost casually, there is added the claim of the defendant that the district attorney originally had stated that he would recommend a "minimum sentence" on the charges facing the defendant. At the time of the sentencing, the district attorney in fact recommended two consecutive three-year sentences, a recommendation followed by the court. The record gives us no reason so to do, but let us assume that there was a proper and advance assurance by the district attorney as to what he would recommend by way of sentence. On the day set for sentencing, the defendant was out of the state, in fact in police custody in El Reno, Oklahoma. The sentencing was therefore adjourned to a different date. The judge was entitled to take this new fact into consideration in imposing sentence. Likewise the district attorney was entitled to take this new and additional factor into consideration in making his recommendation as to the sentence that should be imposed. Something new had been added, and the defendant added it.

*By the Court.*—Judgment and order affirmed.