STATE, Respondent, vs. SMITH, Appellant.

*January 10—February 4, 1930.*

*Willis E. Donley* of Menomonie, for the appellant.

For the respondent there was a brief by *Farnham A. Clark,* district attorney of Dunn county, the *Attorney Gen-*

*eral,* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Clark* and *Mr. Messerschmidt.*

FOWLER, J.   No claim is made that upon the facts stated Smith was not proven guilty beyond a reasonable doubt.   It is only claimed that the court erred (1) in denying a motion for a change of venue on the ground of alleged prejudice of the people; (2) in denying a motion for a separate trial; (3) in admitting the admissions of Smith in evidence; (4) in admitting in evidence a confession of Skaare.

(1) The granting of a motion for change of venue on the ground of prejudice of the people is discretionary.   It is clear there was no abuse of discretion here.   The jury was secured without difficulty.   Of twenty-seven examined only three were disqualified.   This is a circumstance to be considered in upholding denial of the motion.   *Bianchi v. State,* 169 Wis. 75, 171 N. W. 639.   That the other two defendants were acquitted certainly shows that the jury were not prejudiced against persons charged with stealing cattle.

(2) The motion for a separate trial was not made until the jury had been impaneled.   This is manifestly too late, unless facts appear which excuse or justify the delay, and none such appear here.   That Skaare's confession was received in evidence is now urged as ground for a separate trial, but it was not suggested as reason therefor to the trial court nor was any other reason suggested.   The motion was properly denied.

(3) The admission of Smith to the sheriff was voluntary.   He sent for the sheriff and said he wanted to talk to him.   The sheriff told him to think it over first and an hour or two later went back and Smith made the statement. He repeated the statement on the following day.   The only ground of objection laid is that the sheriff did not inform Smith of his constitutional rights and that the statement was made while the defendant was under arrest.   But this does

not render statements made without coercion, threats, or artifice inadmissible. *Hintz v. State,* 125 Wis. 405, 104 N. W. 110.

(4) The receipt of Skaare's confession was expressly limited as against him only. The jury were instructed that it could not be considered as evidence against Smith. It was clearly admissible against Skaare. It was therefore not error to receive it as limited. If it was not error, it was not prejudicial error, though prejudicial to Smith. The rule is stated to be in 1 Ruling Case Law, p. 574, that where two are tried jointly a confession of one is admissible against him although it implicates the other and tends to prejudice him. The prejudicial effect against the other is presumed to be obviated by an instruction such as was given here. *Rex v. Martin* (9 Ont. L. Rep. 218) 4 Am. & Eng. Ann. Cas. 913 and note on p. 918. The confession is not contained in the record and it was insufficient in the minds of the jury to convict Skaare. The evidence conclusively shows Smith's guilt of stealing four cows, manifestly worth over $100 if seven sold for over $300, so the statutory penalty is the same whether he stole seven or four. Sec. 343.17, Stats. It does not appear that admission of the confession affected Smith's substantial rights, and even though its receipt were error, the judgment should be affirmed under sec. 274.37, providing that no judgment shall be reversed for any matter unless in the opinion of the court, after examination of the entire action or proceeding, it shall appear that it has affected the substantial rights of the party complaining of it.

*By the Court.*—The judgment of the circuit court is affirmed.