GRONOWICZ, Plaintiff in error, vs. THE STATE, Defendant in error.

*May 6—June 7, 1949.*

134

*James W. Dorsey* of Milwaukee, for plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, William J. McCauley,* district attorney of Milwaukee county, and *Joseph E. Tierney,* deputy district attorney, and oral argument by *Aladin A. DeBrozzo,* deputy district attorney.

MARTIN, J. The appellant makes two assignments of error:

1. The court erred in denying the defendant, Roman Gronowicz, a new trial for the reason that there was insufficient credible evidence to support the verdict of guilt beyond a reasonable doubt.

2. The court erred in admitting state's Exhibit 1 (first seven pages of a statement made by Dougherty to the sheriff after his arrest) in evidence because the same was a self-serving declaration.

An attempt will be made to eliminate from this opinion as many of the salacious details as possible.

Delores Dougherty, age sixteen, is the eldest daughter of defendant Edward Dougherty, who was separated from his wife, and his three daughters and three sons resided with him at 10626 West Beloit road. The offense took place in the early morning of March 28, 1948, which was Easter Sunday morning. The two defendants spent the afternoon and evening previous to this offense in drinking. About six o'clock on the evening of March 27th, the two defendants, Delores, the prosecutrix, her sister Audrey, and the mother, Mrs. Dougherty, went into Milwaukee. Mrs. Dougherty went to her mother's home, and the rest proceeded to the home of Della Slaby, a friend of defendant Gronowicz. About nine o'clock the two girls left to attend a movie. They returned shortly after midnight and at approximately twelve-thirty returned to the Dougherty home with the defendants, Gronowicz and Dougherty. The two girls went upstairs to bed, Delores and Audrey sleeping together. After Delores was undressed

and in bed, her father called to her to come downstairs, and then came to the room and roused her and forced her to go downstairs. She put on a housecoat and panties. She went into the kitchen where Gronowicz was seated and there Dougherty gave her four drinks of whiskey. Dougherty then insisted that Gronowicz kiss Delores. Shortly thereafter the father and Gronowicz pulled her from the kitchen to a couch or davenport in the living room. She was forced to lie down and the father removed her panties and held her legs apart while the defendant Gronowicz had intercourse with her. She was screaming all the time that this occurred. After the act was completed, she found blood on her person and on her panties.

Audrey corroborated the testimony with reference to the father coming into the room and calling Delores and with reference to the screaming. She testified that she went to the head of the stairs and heard the screaming, but she could do nothing about getting help because her father was right by the telephone, and she knew if she went down she would get a beating. The next morning when Audrey went through the living room to the kitchen, the defendant Gronowicz was asleep on the davenport and she observed white spots on his trousers around the crotch. She testified that she knew what the spots indicated because her father had instructed her some time before. She asked Delores why she had screamed, but she did not answer. About a week later, however, Audrey told her mother what had happened.

The testimony shows further that from October, 1947, up to the time of the arrest of Dougherty, Delores was required to sleep with him. There is also testimony to the effect that on April 10, 1948, Dougherty had relations with Delores.

No complaint was made by Delores against her father or Gronowicz until after the father had called the sheriff to investigate his son involving a charge of larceny, which was on

April 12th.    Shortly before the officers arrived to investigate the larceny complaint, the father had beaten Delores and Audrey severely for attempting to run away.

A vaginal examination was made of Delores on April 15th. Dr. Cook testified that there was no evidence of a hymen at that time, neither was there any evidence of excoriations or scars.    He testified further regarding the condition he found in examining the vagina, readily admitting two fingers: "The size of the vaginal orifice could be natural, as far as anything found at the time I examined her.    It may not have been due to intercourse; it may have been due to intercourse."

The appellant argues that the silence of prosecutrix for fifteen days before making the complaint impeaches the credibility of her testimony.

It is to be remembered that Delores was only sixteen years old and Audrey, fifteen.    They were under the dominion of their father who was morally low.    The evidence shows that the girls tried to run away and the father chased them with the car and beat them severely.    They possessed great fear of him.

The contentions relative to the delay in making the complaint were argued before the jury.    There is ample testimony in the record to justify the conclusion that the girls had no opportunity to make a complaint until the officers arrived to investigate the complaint against the brother.

Gronowicz testified that he never had any sexual relations with the prosecutrix, and that on the night of the alleged offense he remained in the home of his girl friend, Della Slaby, until about one o'clock and then he went home and went to bed.    He testified further that he was not at the home of the prosecutrix as she had testified, on either Saturday night or Sunday, March 28, 1948.    This testimony was corroborated by the mother of the defendant who was called as an alibi witness who testified that defendant came in after mid-

night of the morning of March 28th, that she heard him because he passed her bedroom, and that when she got up the next morning to go to church she saw his hat on the table.

The witness testifying as to the whereabouts of the defendant may have honestly believed that defendant was at home on the evening in question, and yet may have been mistaken. The issue of *alibi* was one which under the evidence was peculiarly for the jury.

We cannot agree with the contention of the appellant that the testimony of prosecutrix is uncorroborated, for it is supported by the testimony of her sister. The inconsistencies in their testimony are not material. Every question of unreliability and uncertainty which could be applied to the testimony of the two girls was called to the attention of the jury and argued.

The jury had before it not only the prosecutrix during the entire trial, but also all the other witnesses in the case, and their acts and demeanor upon the stand, as has been repeatedly held by this court and all appellate courts, enter largely the realm of credibility, which is denied the judges of appellate courts.

It is the well-settled rule in this state that if there is any credible evidence, which in any reasonable view supports a verdict in a criminal case, it cannot be disturbed on appeal. See *State v. Fischer* (1938), 228 Wis. 131, 279 N. W. 661, and cases cited at page 134.

We have made no attempt to set out the evidence in full detail, but we have carefully examined all of the testimony and considered all of the conditions urged by the appellant. We discover no reason for ·disturbing the judgment. It is sustained by the evidence.

The trial court decided to receive in evidence the first seven pages of a statement made by Dougherty to the sheriff after his arrest, state's Exhibit 1, and the jury was immediately instructed as follows:

"The court: Now, this state's Exhibit 1 that has been received, that's the statement that has been read by the district attorney, that can be weighed by the jury only as against the person making the statement, against the defendant Dougherty. Anything in that statement tending in anywise to incriminate or involve the codefendant Gronowicz against his interest in the charge against him, cannot be weighed against that defendant, Gronowicz, by the jury, and should be entirely excluded by the jury from its consideration of the charges against the defendant Gronowicz. It can only be weighed against the defendant making the statement, and that's the defendant Dougherty, and cannot be weighed against the defendant Gronowicz. Exclude that entirely from your consideration as far as it affects the defendant Gronowicz."

20 Am. Jur., Evidence, p. 427, sec. 493, provides in part as follows:

"According to the general rule, if the several defendants are tried together, the confession of one such defendant can be admitted against that defendant with instructions by the court to the jury that it is only admitted against that one defendant and is not to be considered as evidence against his codefendants. Such an instruction is supposed to obviate the prejudicial effect which the admission of the confession has in regard to the codefendants who did not make it. The courts have, however, realized the evils of admitting on behalf of one defendant a confession which implicates a codefendant, even though limited by the trial court to the person who made the confession, and have only permitted such a confession to be admitted when two were being tried jointly, because there seems to be no practical way of reaching a right result, under the law, as to the person who makes the confession without admitting it." See also *State v. Smith* (1930), 201 Wis. 8, 229 N. W. 51.

We hold that there was no error in receiving the statement of Dougherty because the jury was properly instructed that the statement could only be used against the man who made it and could not affect the defendant Gronowicz in any way.

*By the Court.*—Judgment affirmed.