RENNER (Carol), Plaintiff in error, v. STATE, Defendant in error. [Case Nos. 70, 71.]

RENNER (Lloyd), Plaintiff in error, v. STATE, Defendant in error. [Case Nos. 72, 73.]

*Nos. 70–73. Argued June 5, 1968.—Decided June 28, 1968.*
(Also reported in 159 N. W. 2d 618.)

632

634

For the plaintiffs in error there was a brief and oral argument by *Robert H. Friebert,* public defender.

For the defendant in error the cause was argued by *E. Michael McCann,* assistant district attorney of Milwaukee county, with whom on the brief were *Bronson C. La Follette,* attorney general, and *David J. Cannon,* district attorney.

HEFFERNAN, J. The principal contention of the state public defender on this appeal is that the statements of both Carol and Lloyd were involuntary. It is his contention that under the ruling of *Jackson v. Denno* (1964), 378 U. S. 368, 84 Sup. Ct. 1774, 12 L. Ed. 2d 908, 1 A. L. R. 2d 1205, and *State ex rel. Goodchild v. Burke* (1965), 27 Wis. 2d 244, 133 N. W. 2d 753, it was the duty of the court to make a preliminary determination of the voluntariness of the statements.[1] Whether these statements are voluntary is governed by the "totality of the circumstances" test which we discussed in detail in *Bradley v. State* (1967), 36 Wis. 2d 345, 153 N. W. 2d 38, 155 N. W. 2d 564.

It is the contention of the public defender that Lloyd Renner's statements, in view of the "totality of the circumstances," were involuntary as a matter of law. He points out that the first statement was taken just prior to surgery, when Lloyd Renner was thought to be *in extremis*, and the second was taken following the surgery, when Renner may have been subject to postsurgical shock and under the influence of drugs or medication. The public defender correctly points out that the burden of showing voluntariness of a confession or pretrial statement is upon the state.

In respect to the statement of Carol Renner, the public defender does not urge that we find the statement involuntary as a matter of law, but he urges that a *Goodchild* hearing should be held to determine whether or not Carol's statements were voluntarily made. He contends that she was mentally upset and disturbed and under an emotional strain at the time her statement was taken.

[1] The trial of this case commenced on December 14, 1965, prior to *Miranda v. Arizona* (1966), 384 U. S. 436, 86 Sup. Ct. 1602, 16 L. Ed. 2d 694, and thus the *Miranda* warnings are not applicable. While this trial was post-*Escobedo v. Illinois* (1964), 378 U. S. 478, 84 Sup. Ct. 1758, 12 L. Ed. 2d 977, this court has taken the position that *Escobedo* requires that the defendant initiate the request for counsel.

The state in regard to the out-of-court statements of Lloyd Renner confesses error and, while contending that we should not rule as a matter of law that Lloyd Renner's out-of-court statements are inadmissible, concedes:

". . . that defendant Lloyd Renner objected to the admission of any statements he made on the grounds that he had sustained a traumatic injury shortly before and that when the statements were to be admitted into evidence the trial court should have conducted a hearing on the voluntariness of the statements in the absence of the jury."

The state acknowledges that a remand to the trial court should issue, with the proviso that a new trial should be had if the statements were involuntary.

We decline to rule as a matter of law that Lloyd's out-of-court statements were inadmissible but acknowledge the propriety of the state's concession and conclude that the case must be remanded to the trial court for a *Jackson v. Denno* and *Goodchild v. Burke* hearing on voluntariness.

While Carol's out-of-court statements were not objected to, it is claimed by the state that the failure of counsel to do so constituted a strategic waiver and that, therefore, the admissibility of these statements should go unquestioned in this court. However, we see no evidence of a strategic waiver from the face of the record, and no objection is necessary to preserve a constitutional error if the failure to object was due to oversight. *Henry v. Mississippi* (1965), 379 U. S. 443, 85 Sup. Ct. 564, 13 L. Ed. 2d 408; *Holloway v. State* (1966), 32 Wis. 2d 559, 146 N. W. 2d 441.

The inconsistency between Carol's court testimony and her pretrial statements is relatively minor, referring merely to the question of whether or not she was pregnant. We might in the usual case be constrained to conclude that, in the absence of a waiver, the error, if any, was harmless. However, the essence of this trial was the credibility of the complaining witness, Staten, as con-

trasted with the credibility of the defendants Carol and Lloyd Renner. Any impeaching evidence in this situation assumes substantial significance. Moreover, it is clear that, as with the statement of Lloyd, no attempt was made to properly qualify her statement by a *Goodchild* hearing; and, in view of the fact that we are remanding this case to the trial court for the determination of the voluntariness of Lloyd Renner's statements, we deem it appropriate to follow the same procedure in respect to the statements of Carol. We therefore conclude, as we did in *Bosket v. State* (1966), 31 Wis. 2d 586, 143 N. W. 2d 533, on remand of these causes to the circuit court, that court is to conduct a hearing on the issue of the voluntariness of the defendants' confessions and admissions to the Milwaukee police officers and make proper findings of fact.

Other questions are presented on this appeal which we need not decide pending the determination of the voluntariness of the statements of the defendants. Lloyd and Carol Renner were tried together. The statements which we have referred to above of both Lloyd and Carol were mutually inculpatory. Since the statements of Lloyd differed from his trial testimony, and he thus was not subject to cross-examination on the out-of-court statements, the inculpatory evidence in the out-of-court statements was hearsay as to Carol. Likewise, any statements inculpatory of Lloyd made in an out-of-court statement that was not reiterated on trial was hearsay as to Lloyd. We have previously in this court adopted the rule of *Delli Paoli v. United States* (1957), 352 U. S. 232, 77 Sup. Ct. 294, 1 L. Ed. 2d 278. *See also Gronowicz v. State* (1949), 255 Wis. 133, 37 N. W. 2d 788, which permits the use of out-of-court hearsay statements not subject to cross-examination, provided that the jury is instructed that any portion of a defendant's out-of-court statement that inculpates a codefendant must be considered as hearsay and disregarded in determining the guilt or innocence of a codefendant. In the instant case no such instruction was requested, nor did the court sua sponte offer such an

instruction. The recent case of *Bruton v. United States* (May 20, 1968), 391 U. S. 123, 88 Sup. Ct. 1620, 20 L. Ed. 2d 476, held that the confession of one defendant inculpating the other defendant was inadmissible in a joint trial and that the hearsay error committed by the admission of such a statement could not be corrected by instructions. The Supreme Court of the United States, following the dissent in *Delli Paoli,* concluded that the admonitory instruction was a "futile collocation" that failed to sufficiently protect a defendant's sixth amendment right of cross-examination.[2]

---

[2] Subsequent to *Bruton,* the United States Supreme Court in *Roberts v. Russell* (June 10, 1968), 392 U. S. 293, 88 Sup. Ct. 1921, 20 L. Ed. 2d 1100, held that *Bruton* is applicable to state prosecutions and is retroactive. The court in a per curiam opinion stated:

"In *Bruton v. United States,* 391 U. S. 123, decided May 20, 1968, we overruled *Delli Paoli v. United States,* 352 U. S. 232, and held that, despite instructions to the jury to disregard the implicating statements in determining the codefendant's guilt or innocence, admission at a joint trial of a defendant's extrajudicial confession implicating a codefendant violated the codefendant's right of cross-examination secured by the Confrontation Clause of the Sixth Amendment. This case presents the question whether *Bruton* is to be applied retroactively. We hold that it is.

"The facts parallel the facts in *Bruton.* The petitioner was convicted by a jury of armed robbery at a joint trial with one Rappe in Davidson County, Tennessee. A police officer testified that Rappe orally confessed to him that petitioner and Rappe committed the crime. The trial judge instructed the jury that Rappe's confession was admissible against her but that her statements implicating petitioner were not to be considered in determining petitioner's guilt or innocence. The Tennessee Supreme Court affirmed petitioner's conviction. Petitioner filed a proceeding in federal habeas corpus in the United States District Court for the Middle District of Tennessee. That court relied on *Delli Paoli* and denied relief. The Court of Appeals for the Sixth Circuit affirmed.

"Although *Bruton* involved a federal prosecution and this is a State prosecution, the right of cross-examination secured by the Confrontation Clause of the Sixth Amendment is made applicable to the States by the Fourteenth Amendment. *Pointer v. Texas,* 380 U. S. 400; *Douglas v. Alabama,* 380 U. S. 415.

Inasmuch as we hold that the out-of-court statements fail to comply with *Goodchild,* we are not at this time confronted with the problems that arise under *Paoli, Gronowicz,* and *Bruton.*

In the event the trial court should determine that the admissions or statements were involuntarily made, the court is directed to vacate and set aside the judgments of conviction and sentence and grant a new trial. In the event the statements are found to be voluntary, the trial court is directed to return the record to this court for

" 'We have . . . retroactively applied rules of criminal procedure fashioned to correct serious flaws in the fact-finding process at trial.' *Stovall v. Denno,* 388 U. S. 293, 298. See *Jackson v. Denno,* 378 U. S. 368; *Gideon v. Wainwright,* 372 U. S. 335; *Reck v. Pate,* 367 U. S. 433; *Linkletter v. Walker,* 381 U. S. 618, 639, n. 20; *Johnson v. New Jersey,* 384 U. S. 719, 727–728; compare *Brookhart v. Janis,* 384 U. S. 1. Despite the cautionary instruction, the admission of a defendant's confession which implicates a codefendant results in such a 'serious flaw.' The retroactivity of the holding in *Bruton* is therefore required; the error 'went to the basis of fair hearing and trial because the procedural apparatus never assured the [petitioner] a fair determination' of his guilt or innocence. *Linkletter v. Walker, supra,* at 639, n. 20. As we said in *Bruton:* '[T]here are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored . . . . Such a context is presented here, where the powerfully incriminating extrajudicial statements of a codefendant . . . are deliberately spread before the jury in a joint trial.' 391 U. S., at 135–136.

"Due regard for countervailing considerations—reliance on the old standard of *Delli Paoli* and the impact of retroactivity upon the administration of justice, *Stovall v. Denno, supra,* at 298—does not counsel against retroactivity of *Bruton.* The element of reliance is not persuasive, for *Delli Paoli* has been under attack from its inception and many courts have in fact rejected it. See *Bruton v. United States, supra, at* 128–135 and nn. 4, 8, 10. And even if the impact of retroactivity may be significant, the constitutional error presents a serious risk that the issue of guilt or innocence may not have been reliably determined."

further consideration in light of the recent supreme court decisions.

*By the Court.*—The causes are remanded to the circuit court for further proceedings in accordance with this opinion.