UPCHURCH, Plaintiff in error, v. STATE, Defendant in error.

*No. State 203. Submitted under sec. (Rule) 251.54 June 5, 1974.—Decided June 28, 1974.*
(Also reported in 219 N. W. 2d 363.)

554

The cause was submitted for the plaintiff in error on the brief of *Patrick J. Devitt,* Legal Aid Society of Milwaukee, and for the defendant in error on the brief of *Robert W. Warren,* attorney general, and *Robert D. Martinson,* assistant attorney general.

HALLOWS, C. J. The issues concern Upchurch's right to have a hearing before or during trial on the admissibility of an inculpatory statement and whether he waived that right during the trial.

The conviction arose out of an incident on May 30, 1972, in which an alleged drug dealer Robert Holleran and two other individuals were robbed at gunpoint in Holleran's apartment on the lower east side of Milwaukee. Upchurch is alleged to have made a statement to the police officers after his arrest that he in the company of Marshall Noel and three other black men discussed committing the robbery, that he drove the car, that Marshall Noel directed him to park the car in which all five persons were riding approximately one and a half blocks from the scene of the crime, that he observed Marshall Noel leave the car armed with a gun along with two of the occupants, and that Marshall Noel thereafter returned to the parked auto with the fruits of the crime.

Upchurch was first represented by private counsel; two weeks before trial the Legal Aid Society was substituted. On the day of trial, defendant's counsel moved for a *Goodchild*-type of hearing [1] regarding the voluntariness of the alleged statement of the defendant, basing his motion on sec. 971.31 (3), Stats.[2] The court was apparently under the impression the motion was not timely but stated that ". . . if in the course of the trial it suddenly appears that there is a constitutional issue of major proportions, then that the court will either take it up and order that the jury be excused and proceed with the risks attendant to having it prematurely disclosed as to the existence of a statement, declaring a mistrial, or doing what I am most reluctant to do and that is to handle a motion even though the motion hasn't been filed." The trial proceeded; no evidence was introduced in chief regarding the alleged statement of Upchurch. When the state rested, Upchurch took the stand and no questions on direct examination were asked regarding the alleged statement. However, on cross-examination the district attorney asked Upchurch whether he recalled making any statements to the police officers about his talking with others concerning robbing somebody to get money to buy marijuana. An objection to the question was sustained and an argument was had out of the presence of the jury. The court pointed out that no *Goodchild* hearing had been had on the voluntariness of the statement and therefore the district attorney could not lay a foundation for such statement. However, the court stated further that the voluntariness of the state-

[1] *State ex rel. Goodchild v. Burke* (1965), 27 Wis. 2d 244, 133 N. W. 2d 753.

[2] "971.31 **Motions before trial.** . . .

"(3) The admissibility of any statement of the defendant shall be determined at trial by the court in an evidentiary hearing out of the presence of the jury, unless the defendant, by motion, challenges the admissibility of such statement before trial."

ment would be before the jury unless it appeared that the statement was involuntary as a matter of law and that he was not going to grant a *Goodchild* hearing because the motion therefor was not timely made. On rebuttal the state called Police Officer Drew Halvorsen who testified he had interviewed Upchurch and advised him of his constitutional rights. Halvorsen then testified as to what Upchurch told him about the planning and execution of the robbery. An objection was made. The issue of voluntariness was also raised on a motion for a new trial on the ground the defendant was denied a *Goodchild*-type of hearing on the involuntariness of his statement; the motion was denied.

There is no question Upchurch has a statutory right under sec. 971.31 (3), Stats., to have before or during his trial a hearing on the voluntariness of his statement. This section expressly mandatorily requires a hearing at trial on the admissibility of a challenged statement of a defendant unless he has challenged its admissibility before trial. Sec. 971.31 (4) [3] requiring motions to be made before trial, makes an exception for a statement of the defendant covered by sub. (3). The requirement in sec. 971.31 (2) [4] is impliedly qualified by subs. (3) and (4). This interpretation is supported by the legislative history of the statute. Sec. 971.31 is a product of a 1969 revision of the Wisconsin Code of Criminal Procedure. *See* Laws

---

[3] "971.31 **Motions before trial.** . . .

"(4) Except as provided in sub. (3), a motion shall be determined before trial of the general issue unless the court orders that it be deferred for determination at the trial. All issues of fact arising out of such motion shall be tried by the court without a jury."

[4] "971.31 **Motions before trial.** . . .

"(2) . . . defenses and objections based on defects in the institution of the proceedings, . . . or the use of illegal means to secure evidence shall be raised before trial by motion or be deemed waived. The court may, however, entertain such motion at the trial, in which case the defendant waives any jeopardy that may have attached. . . ."

of 1969, ch. 255, sec. 63. In the revisor's note to the new Criminal Code, it is stated that this section is a restatement of sec. 955.09 (3), Stats. 1967, which was worded:

"Defenses and objections based on defects in the institution of the proceedings, insufficiency of the information or indictment, invalidity in whole or in part of the statute on which the prosecution is founded, or the use of illegal means to secure evidence (except confessions) must be raised before trial by motion or be deemed waived. . . ."

Thus we find an exception for confessions to the rule in sec. 971.31 (2) that the use of illegal means to secure evidence must be raised before trial by motion or be deemed waived.

In *State ex rel. Goodchild v. Burke, supra,* this court considered the effect of *Jackson v. Denno* (1964), 378 U. S. 368, 84 Sup. Ct. 1774, 12 L. Ed. 2d 908, on the Wisconsin procedure for determining the voluntariness of a confession and concluded the "orthodox" rule, providing for a separate hearing before the trial judge alone on the issue of voluntariness should be adopted. The suggestion was advanced that ". . . wherever practicable the prosecutor should within a reasonable time before trial notify the defense as to whether any alleged confession or admission will be offered in evidence at the trial [and] . . . where such notice is given . . . that the defense, if it intends to attack the confession or admission as involuntary, notify the prosecutor of a desire . . . for a special determination on such issue." *Id.,* page 264. In a footnote, the court observed that sec. 955.09 (3), Stats., expressly excepted confessions gained through allegedly illegal means from the class of defenses or objections which must be raised before trial or be deemed waived, thus suggesting an objection premised on the claimed inadmissibility of a confession might be taken at trial. *Id.,* page 264.

This observation did not stifle later challenges, however. In *Bradley v. State* (1967), 36 Wis. 2d 345, 153 N. W. 2d 38, 155 N. W. 2d 564, a *Goodchild* hearing had been conducted in the course of trial instead of before trial and the argument was made that such a procedure violated the dictate of *State ex rel. Goodchild v. Burke, supra.* This court commented that while the procedure followed by the trial court did not exactly conform to that suggested in *Goodchild,* the procedure was not erroneous. In *Roney v. State* (1969), 44 Wis. 2d 522, 171 N. W. 2d 400, this court clearly repudiated the notion that a *Goodchild* hearing must be held before trial to be valid. The court stated, ". . . [i]t was not the intention of this court . . . to make mandatory the determination of a *Goodchild* matter only in a pretrial hearing." The court once again reiterated, however, that such a hearing should be held before trial so as not to interrupt the orderly process of presenting a case to a jury. The unmistakable import of the cases is that a pretrial determination of voluntariness is not an absolute necessity. Such a determination may be made based on a hearing in the course of trial. The trial court was mistaken in its intimation just prior to trial that the request for a hearing then on the admissibility of the statement Upchurch allegedly gave police came too late. On this appeal, the state concedes that the admissibility of a defendant's statement can be raised for the first time during trial and that an evidentiary hearing might then be had.

As we see the record, Upchurch made an adequate motion to determine the voluntariness of the statement at the time of trial and the trial court should then and there have conducted a hearing on the issue. We find no waiver at that time on the part of Upchurch because counsel was willing to wait until Officer Halvorsen appeared during the trial and then hold a hearing.

But the state argues there was no error in admitting the inculpatory statement of defendant in evidence be-

cause the defendant made no request for a hearing at the time the statement was offered by the prosecution in rebuttal for impeachment purposes. Under the circumstances we think Upchurch was not under a duty to object because his original objection carried its force through the trial and the trial judge should have granted a *Goodchild*-type of hearing before allowing any foundation to be laid for the introduction of the inculpatory statement. Under the circumstances the district attorney had a duty to disclose that he was about to lay a foundation for the statement. When there is a question of the voluntariness of an inculpatory statement, the prosecution should not be allowed to start laying a foundation for it but should disclose to the court its tactic so that a hearing can be had before the jury is given any idea by innuendo that there may exist a confession or an inculpatory statement.

In *Goodchild*, this court said a defendant can waive an objection to the admissibility of an allegedly inculpatory statement or admission by failing to object to its admission, but such inaction must constitute deliberate trial strategy on the part of the defendant. The court relied on *Henry v. Mississippi* (1965), 379 U. S. 443, 85 Sup. Ct. 564, 13 L. Ed. 2d 408, which held the defendant was bound by his failure to object to the admission of evidence, allegedly obtained, if the failure to object was based upon "strategic, tactical, or any other reasons that can fairly be described as the deliberate by-passing of state procedures." Since *Goodchild*, this court has considered the doctrine of strategic waiver as it relates to confessions allegedly illegally obtained on at least three occasions.

In *Holloway v. State* (1966), 32 Wis. 2d 559, 146 N. W. 2d 441, the defendant argued that a statement had been obtained from him in violation of *Escobedo v. Illinois* (1964), 378 U. S. 478, 84 Sup. Ct. 1758, 12 L. Ed. 2d 977,

and consequently should not have been admitted into evidence at the trial, although no objection had been made. On appeal, the state argued the failure to object to the admission of evidence at trial waived the objection. This court considered the question in the light of *Henry v. Mississippi, supra,* and *State ex rel. Goodchild v. Burke, supra,* and ruled that an objection was not necessary to preserve a constitutional error except where it was apparent the trial counsel's failure to object was strategic in which case the defendant would ordinarily be bound by the failure to object and precluded from raising the issue on appeal. In *Renner v. State* (1968), 39 Wis. 2d 631, 159 N. W. 2d 618, this rule was reiterated. The court there announced that, "we see no evidence of a strategic waiver from the face of the record, and no objection is necessary to preserve a constitutional error if the failure to object was due to oversight," citing *Henry v. Mississippi, supra,* and *Holloway v. State, supra.* Recently, in *State v. McDonald* (1971), 50 Wis. 2d 534, 184 N. W. 2d 886, the court once again set out the rule, although in that case, the court found a strategic waiver. The language of the court is quite instructive on the point involved (p. 538) :

"Normally the failure to follow well-known state practices results in a waiver, and this doctrine we have applied to constitutional error when the question is not timely raised in the trial court. *Bradley v. State* (1967), 36 Wis. 2d 345, 359, 153 N. W. 2d 38, 155 N. W. 2d 564; *State v. Clarke* (1970), 49 Wis. 2d 161, 174, 181 N. W. 2d 355. In *Bradley* we also stated this court could reach a constitutional question not raised in the trial court if the interests of justice were promoted thereby and no factual issues were involved. In *Holloway v. State* (1966), 32 Wis. 2d 559, 146 N. W. 2d 441, we stated an objection ʌeed not be made to preserve a constitutional error for appeal but this case did not involve strategy. However, a deliberate choice of strategy, even if it backfires, amounts to a waiver binding upon the

defendant and this court. *State v. Ruud* (1969), 41 Wis. 2d 720, 726, 165 N. W. 2d 153."

*See also: State v. Knoblock* (1969), 44 Wis. 2d 130, 170 N. W. 2d 781, and *Jacobs v. State* (1971), 50 Wis. 2d 361, 184 N. W. 2d 113. In treating the objection to admissibility of an inculpatory statement as one which can be strategically waived by a defendant, this court has adhered to the rule accepted by virtually all of the jurisdictions. *See* Comment, *An Examination of the Right to a Voluntariness Hearing*, 63 Journal of Criminal Law (1972), 30, 33–38. From the record, this court cannot find the alleged failure to object to Officer Halvorsen's testimony was a strategic waiver; the whole record is to the contrary.

The state argues the inculpatory statement was admissible for impeachment purposes even though because of a lack of determination of voluntariness it was inadmissible on direct examination. There is no merit to this argument although the rule does apply to cases involving the lack of due process solely because of the failure of a law enforcement officer to give a *Miranda* warning before taking the inculpatory statement. In *Miranda* it was held that a statement in violation of the requirement of the *Miranda* warning could not be used to establish the prosecution's case in chief. In *Harris v. New York* (1971), 401 U. S. 222, 91 Sup. Ct. 643, 28 L. Ed. 2d 1, the United States Supreme Court held such a statement, however, could be used to impeach the defendant's credibility. However, an inculpatory statement or a confession involuntarily made in fact cannot be used in chief or for impeachment purposes. In *Wold v. State* (1973), 57 Wis. 2d 344, 204 N. W. 2d 482, this court pointed out the impact of *Harris* on Wisconsin law (pp. 354, 355):

"As early as 1894 in *Shephard v. State*, 88 Wis. 185, 59 N. W. 449, this court held that a confession which was obtained by the police through extortion could not be

used for impeachment. The court said it was unfair to the accused to use such evidence for impeachment when it was inadmissible in chief. This language must be read in the context of the facts. *Shephard* was followed in *Gaertner v. State* (1967), 35 Wis. 2d 159, 150 N. W. 2d 370. We do not read *Shephard* to mean every statement or confession inadmissible in chief is necessarily inadmissible for impeachment purposes. A statement or confession which is obtained by coercion or extortion is not considered trustworthy and is inadmissible for that reason. Four years after the *Gaertner Case* was decided, the United States Supreme Court decided *Harris v. New York* (1971), 401 U. S. 222, 91 Sup. Ct. 643, 28 L. Ed. 2d 1, in which it was held the federal constitution did not prevent the use for impeachment of testimony which was inadmissible because of violation of the *Miranda* rule. In *Harris* the supreme court said the failure to comply with *Miranda* was not enough to destroy the reliability or the trustworthiness of the statements and evidence inadmissible in chief was not barred for all purposes provided 'that the trustworthiness of the evidence satisfies legal standards' and further that the statements made to the police in that case were not 'coerced or involuntary.' 401 U. S. at 224. The test for excluding testimony for impeachment purposes is untrustworthiness, not necessarily its exclusion in chief."

The last sentence of the above means that an inculpatory statement made by a defendant must be trustworthy to be used for impeachment purposes. Trustworthiness depends upon the voluntariness of the statement. Such statement cannot be involuntary in the sense that it does not represent the uncoerced free will of the defendant or is the result of conditions in which the defendant had been deprived of the ability to make a rational choice. Impeachment by rebuttal testimony other than cross-examining the accused, is, of course, admissible, but the test of trustworthiness is the same. *Wold v. State, supra; Ameen v. State* (1971), 51 Wis. 2d 175, 186 N. W. 2d 206. Such affirmative evidence cannot include involuntary statements of the defendant.

We consider the alleged statement made by Upchurch of his part of the robbery to be prejudicial even though another participant testified to substantially the same facts. It is one thing for a jury to hear a story from a codefendant and it is quite another to hear it from the mouth of the accused in the form of a confession. We think this case should be sent back to determine the voluntariness of the statement; if the statement was made voluntarily by Upchurch, then the conviction should be reinstated. If the statement is found to be involuntary, then a new trial should be granted.

*By the Court.*—Judgment and order are set aside and the cause remanded for a hearing on the issue of voluntariness only of the statement made by the defendant; and for further proceedings not inconsistent with this opinion.