COURT OF APPEALS
DECISION
DATED AND FILED

March 24, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2021AP1558-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2015CF876

IN COURT OF APPEALS
DISTRICT IV

---

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

JERRY D. FISHBAUGHER,

   DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for La Crosse County: RAMONA A. GONZALEZ, Judge. *Order reversed and cause remanded with directions.*

Before Kloppenburg, Graham, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Jerry Fishbaugher appeals a judgment of conviction and an order denying his postconviction motion. We reverse the order denying the postconviction motion and remand for a post-trial hearing on the admissibility of a video recording of an interview with a child witness (generally, the "recorded statement").[1]

¶2    After a jury trial, Fishbaugher was convicted of first-degree sexual assault-intercourse with a child under 12 and exposing a child to harmful materials. On the Thursday before the trial started on a Monday, the State filed an offer of proof to use a recorded audiovisual statement of the alleged victim. This timing failed to comply with the statutory requirement to file such an offer not less than ten days before trial, unless the court permits a later filing on a showing of good cause. *See* WIS. STAT. § 908.08(2)(a) (2019-20).[2] Fishbaugher responded to the offer by objecting to the recorded statement based on both the timing of the offer of proof and what he asserted were certain ways in which it failed to comply with the standard for admissibility provided in § 908.08(3). However, the circuit court did not make any explicit rulings regarding Fishbaugher's objection or the admissibility of the recorded statement, and the recorded statement was played at the trial.

¶3    In his postconviction motion, Fishbaugher alleged, among other issues, that his trial counsel was ineffective by not sufficiently objecting to the admission of the recorded statement. The circuit court denied the motion.

---

[1] Although the appellant appeals both a judgment and an order, we address only the order for the reasons set forth in this opinion.

[2] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

¶4 In this appeal, the parties agree that Fishbaugher made a sufficient objection to the recorded statement at trial to preserve the issue for appeal, and therefore we should review the issue directly, rather than in the ineffective assistance context. In addition, the parties appear to agree that, although there is some uncertainty about the extent to which the circuit court ruled on Fishbaugher's objections before trial, we should regard the circuit court's pretrial and postconviction discussions together as constituting one decision to admit the recorded statement. The State concedes in its brief that if the recorded statement was not admissible, the error was not harmless, and Fishbaugher is entitled to a new trial.

¶5 On appeal, Fishbaugher renews his arguments regarding the untimeliness of the State's offer of proof and his concerns about admissibility. The parties agree that the circuit court's discussions have not so far addressed either of these points. More specifically, the circuit court has not determined that good cause was shown for the offer being untimely. Nor has the court determined that the recorded statement was admissible under the provisions of WIS. STAT. § 908.08(3), held the hearing on its admissibility, or ruled on Fishbaugher's objections, as required by § 908.08(2)(b).

¶6 The parties further agree that we may, but are not required to, review the record ourselves to determine whether the recorded statement was properly admitted. We decline to do so here. By statute, the circuit court was required to hold a hearing on admissibility at which parties could have presented evidence to support or undermine the findings required by WIS. STAT. § 908.08(3). We regard this type of evidentiary decision as different from many evidentiary issues that arise during a trial, in that there is a specific procedure to be followed that is a prerequisite to admissibility of a recorded statement of a child witness. That

3

procedure was not followed here, and the circuit court has not made the necessary findings for admissibility on the record. Under the circumstances, we decline to assume that the court implicitly made the proper findings of good cause and admissibility. This conclusion applies equally to the State's argument on appeal that the recorded statement should be admitted under the residual hearsay exception.

¶7　Instead, we remand for the necessary hearing to be held. As the State points out, this is consistent with past practice in certain cases. *See, e.g.*, ***Upchurch v. State***, 64 Wis. 2d 553, 564, 219 N.W.2d 363 (1974) (remanding for post-trial determination of voluntariness of defendant's statement that was used at trial); ***State v. Sorenson***, 152 Wis. 2d 471, 497-99, 449 N.W.2d 280 (Ct. App. 1989) (remanding for post-trial determination of whether witness was unavailable, for purpose of applying hearsay rule; also collecting cases where similar remands occurred).

¶8　Therefore, we reverse only the order denying the postconviction motion and we remand for a hearing. At that hearing the circuit court must consider: (1) Fishbaugher's objection that there was insufficient cause for the late offer of proof; and (2) whether the recorded statement was admissible under WIS. STAT. § 908.08(3). We do not preclude the circuit court from also considering whether the video was admissible under the residual hearsay exception as provided in § 908.08(7).

> *By the Court*.—Order reversed and cause remanded with directions.

> This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.