COURT OF APPEALS
DECISION
DATED AND FILED

March 15, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1745-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2018CF1781

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

AARON V. FERGUSON,

    DEFENDANT-APPELLANT.

        APPEAL from a judgment of the circuit court for Waukesha County: BRAD SCHIMEL, Judge. *Affirmed*.

        Before Gundrum, P.J., Neubauer and Grogan, JJ.

        **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Aaron V. Ferguson appeals a judgment of conviction for repeated sexual assault of the same child and incest. He argues portions of an audiovisual recording of the victim's forensic interview were improperly admitted into evidence at trial. We affirm.

¶2 Ferguson was charged with repeated sexual assault of the same child and incest based upon his child's report that Ferguson had been committing acts of sexual assault for several years, since the victim was in middle school. After disclosing the abuse, the victim sat for a forensic interview on December 5, 2018, at the CARE Center in Waukesha. The victim was fifteen at the time. The interview lasted approximately forty-three minutes, with a break occurring at around thirty-three minutes. Ferguson asserts that after the break the interviewer used leading questions to cover topics that had already been addressed during the first part of the interview, which Ferguson argues was an effort to "clean up some of [the victim's] less believable or contradictory statements."

¶3 The State filed a pretrial motion to admit the interview recording as evidence after the victim recanted the allegations. Among other things, the State argued admission was warranted pursuant to the residual hearsay exception found in WIS. STAT. § 908.03(24) (2017-18).[1] The initial circuit court judge, the Hon. Maria S. Lazar, made an oral ruling on the motion shortly before an administrative judicial rotation that would bring the case before another judge.

¶4 The circuit court first rejected the State's alternative argument that the interview was admissible under WIS. STAT. § 908.08 (2017-18), even though the victim had already turned sixteen. The court then noted that there were several

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

outstanding facets of the matter that it was going to leave to the new judge, including the possible applicability of § 908.08(7) (2017-18) and the residual hearsay exception. The court nonetheless addressed many of the outstanding issues relating to that exception, noting repeatedly that it was leaving the ultimate decision on the matter for the next judge.

¶5 At the conclusion of its remarks, the circuit court declared that certain portions of the recording could not be admitted under the residual hearsay exception, regardless of how the new judge viewed the admissibility question.[2] Upon the prosecutor's request for clarification, the court stated, "If the next court determines that it's not hearsay, that it's a prior consistent or inconsistent statement, then the question is for that court to determine whether there's any basis to allow it in whatsoever, and I'm not making that ruling."

¶6 Once the new judge was assigned, Ferguson filed a substitution request, and the matter was ultimately transferred to the Hon. Brad D. Schimel. The State then sought to admit the second portion of the forensic interview under the theory that the victim might testify at trial that the sexual assaults never occurred, in which case the victim's interview statements could qualify as prior inconsistent statements and would not be hearsay. *See* WIS. STAT. § 908.01(4)(a)1. (2017-18). The circuit court took the matter under advisement until after the victim testified.

¶7 The court addressed the State's request following the victim's testimony, clarifying that it was "not looking at these as a 908.08 hearsay exception nor … as a residual exception to the hearsay rule. That has all previously been ruled

---

[2] The circuit court referred specifically to the portion of the interview where the interviewer asked "leading questions." It concluded the victim's statements during that portion of the interview lacked indicia of reliability that would warrant its admissibility under the residual hearsay exception.

upon." Instead, at the State's urging, the court evaluated the admissibility of the interview as a prior inconsistent statement under WIS. STAT. § 906.13 (2017-18), given that the victim at trial had acknowledged making the allegations during the interview but denied that they were truthful. Over the defense's objection, the court determined the entire recording should be played for the jury. The jury ultimately found Ferguson guilty, and he now appeals.

¶8    We review a circuit court's evidentiary decisions for an erroneous exercise of discretion. *State v. Hunt*, 2014 WI 102, ¶20, 360 Wis. 2d 576, 851 N.W.2d 434. "We will uphold a circuit court's evidentiary ruling if it 'examined the relevant facts, applied a proper standard of law, used a demonstrated rational process and reached a conclusion that a reasonable judge could reach.'" *State v. Dorsey*, 2018 WI 10, ¶37, 379 Wis. 2d 386, 906 N.W.2d 158 (citation omitted).

¶9    Ferguson argues Judge Lazar properly concluded the portions of the recording she deemed inadmissible lacked circumstantial guarantees of trustworthiness, not only for purposes of the residual hearsay rule but also for purposes of determining whether the evidence constituted a prior inconsistent statement by the victim. Ferguson argues this conclusion flows from an implied requirement in the law of evidence that a prior inconsistent statement is admissible only upon a judicial determination that the statement bears indicia of trustworthiness and reliability as a general matter. This being so, Ferguson argues that to obtain the admission of the second part of the recording, the State needed to either petition for leave to appeal Judge Lazar's ruling, or present a proper motion for reconsideration establishing either newly discovered evidence or a manifest error of law.

¶10    We reject Ferguson's arguments. Ferguson draws his implied requirement from older case law involving the admissibility of an accused's

4

confession under circumstances where police had not complied with ***Miranda v. Arizona***, 384 U.S. 436 (1966) or had engaged in otherwise coercive conduct to elicit a confession. *See, e.g.*, ***Wold v. State***, 57 Wis. 2d 344, 355, 204 N.W.2d 482 (1973); ***State v. Shepard***, 88 Wis. 185, 187, 59 N.W. 449 (1894). By contrast, extrinsic evidence of a prior inconsistent statement by a non-party witness is taken out of the hearsay realm by virtue of WIS. STAT. § 908.01(4)(a)1. (2017-18) and is admissible as outlined in WIS. STAT. § 906.13 (2017-18), neither of which require a judicial determination that the evidence is inherently reliable. Based on Ferguson's arguments and authority, there appears to be no support for the notion that such matters are admissible only upon an extra-statutory determination that the evidence bears circumstantial guarantees of trustworthiness.[3]

¶11    Ferguson's remaining arguments, including that Judge Schimel failed to consider the factors outlined in ***State v. Sorenson***, 143 Wis. 2d 226, 421 N.W.2d 77 (1988), are all defective because they flow from this fundamental misunderstanding of the law. ***Sorenson*** specifically stated that the enumerated factors were designed to assist courts in "making an assessment of the admissibility of a child's statements under the residual [hearsay] exception." ***Id.*** at 245. But the court did not find the interview recording admissible under that exception; indeed, it stated it was honoring Judge Lazar's partial determination to the contrary.

---

[3] Ferguson perhaps intends to rely on the notion, articulated in ***Wold v. State***, 57 Wis. 2d 344, 354, 204 N.W.2d 482 (1973), that it is unfair to the accused to use a coerced confession for impeachment purposes when such a confession would be otherwise inadmissible. If that is Ferguson's claim—or if his claim is that WIS. STAT. § 908.08 (2017-18) is the *exclusive* means to obtain the admission of an audiovisual recording of a child's statement—we deem such an argument insufficiently developed to require a definitive determination at this time. *See **State v. Pettit***, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992). There are significant and obvious distinguishing features of the cases Ferguson cites that he fails to address, nor does he attempt to establish the exclusivity of § 908.08.

¶12    To put a finer point on the distinction:  The residual hearsay exception contained in WIS. STAT. § 908.03(24) (2017-18) permits a hearsay statement bearing circumstantial guarantees of trustworthiness to be admitted into evidence. Prior inconsistent statements, by contrast, are not considered hearsay, provided they meet the criteria contained in WIS. STAT. § 908.01(4)(a) (2017-18) and WIS. STAT. § 906.13 (2017-18).  Based on the appellate record and the arguments before us, we conclude the circuit court could—and did—reasonably conclude that the interview recording was admissible under the latter statutes even though the recording had previously been deemed inadmissible under the former statute.

*By the Court.*—Judgment affirmed.

This opinion will not be published.    *See* WIS. STAT. RULE 809.23(1)(b)5.